System Generated Hearing Date: No hearing information was found.
Location: No hearing information was found.
Judge: No hearing information was found.

FILED
9/15/2022 4:48 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, SECOND DISTRICT

FILED DATE: 9/15/2022 4:48 PM    20222003035

VILLAGE OF SKOKIE,
a municipal corporation,

        Plaintiff,

  v.

PETER MYMA

        Defendant.

                20222003035

RE: 7620 Niles Center Road
     Skokie, IL 60077

## COMPLAINT

    NOW COMES the Plaintiff, VILLAGE OF SKOKIE, (hereinafter "Village"), a municipal corporation, by and through Michael M. Lorge, Corporation Counsel and Abraham W. Funk, Assistant Corporation Counsel, and states as follows:

    1.    That the VILLAGE, an Illinois municipal corporation, is a Home Rule Unit, within the meaning of Section 6 of Article 7 of the Illinois constitution of 1970, located in the County of Cook.

    2.    That this action is brought against the Defendant pursuant to Section 1-6, *et seq.* of the Skokie Village Code.

    3.    That within the corporate limits of the Village, there exists a certain parcel of real property, commonly known as 7620 Niles Center Road, Skokie, Illinois, and legally described as follows:

    LOT 7 IN EDEN VIEW SUBDIVISION IN THE SOUTHEAST ¼ OF THE NORTHWEST ¼ OF SECTION 28, TOWNSHIP 41, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO PLAT RECORDED DECEMBER 22, 1954 AS DOCUMENT 16105434 IN COOK COUNTY, ILLINOIS.

    PIN: 10-28-130-012-0000

    4.    That at all times pertinent hereto, the Defendant, PETER MYMA, has either owned, resided at and/or maintained an interest in 7620 Niles Center Road (hereinafter "Subject Property")

    5.    That at all times pertinent hereto there was in full force and effect within the Village, the Skokie Village Code.

1

VOSDOCS-#600186-v1-Long_Form_Complaint__7620_Niles_Center_Road__Peter_MymaMyma

**EXHIBIT**
SKOKIE 1

FILED DATE: 9/15/2022 4:48 PM    20222003035

6.      That Section 1-6(a)(1) of the Skokie Village Code provides for a penalty of not more than $750.00 for any violation of the Skokie Village Code.  A copy of said section is attached hereto and marked Exhibit "A".

7.      That Section 1-6(f) of the Skokie Village Code provides for a separate violation each day a violation occurs.  See Exhibit "A".  .

8.      That Section 22-181 of the Skokie Village Code provides for the adoption of the International Property Maintenance Code (hereinafter referred to as "IPMC").   That additionally, Section 22-183 provides for certain amendments to the IPMC.  A copy of said sections is attached hereto and marked Exhibit."B".

9.      That the following IPMC Sections were in effect at all relevant times.  Copies of the Sections are attached hereto and marked as Exhibit "C" and are stated below in relevant part:

302.4 Weeds. All premises and exterior property shall be maintained free from weeds or plant growth in excess of 6 inches. All noxious weeds shall be prohibited.

302.7 Accessory structures. All accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair.

302.8 Motor vehicles. Except as provided for in other regulations, no inoperative or unlicensed motor vehicle shall be parked, kept or stored on any premises, and no vehicle shall at any time be in a state of major disassembly, disrepair, or in the process of being stripped or dismantled.

304.1 Exterior structure. General. The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

308.1 Accumulation of rubbish or garbage. All exterior property and premises, and the interior of every structure, shall be free from [any] accumulation of rubbish or garbage.

10.     That Section 118-234(b) of the Skokie Village Code provides for vegetation maintenance requirements in residential areas necessary for traffic safety. A copy of this Section is attached hereto and marked Exhibit "D".

11.     That on December 23, 2019, Village Staffer Nasko Pelinkaj of the Skokie Community Development Department, Building Division, went to the Subject Property to conduct an inspection of the exterior of the premises as part of a routine area survey.

12.     That during the course of his inspection, he observed multiple code violations at the Subject Property including but not limited to:

a) garage in a state of disrepair, including collapsed roof in violation of IPMC 302.7,
b) accumulation of black garbage bags in the public alleyway in violation of IPMC 308.1.

2

FILED DATE: 9/15/2022 4:48 PM   20222003035

13.     That Mr. Pelinkaj sent a letter dated December 23, 2019 to the Mr. Myma detailing these violations and the need to correct them.

14.     That Mr. Pelinkaj returned to the Subject Property on January 6, 2020 and observed all of these violations to be uncorrected.

15.     That Mr. Pelinkaj returned to the Subject Property on April 1, 2020 and observed all of these violations to be uncorrected.

16.     That Mr. Pelinkaj returned to the Subject Property on May 11, 2020 and observed all of these violations to be uncorrected, in addition to damaged roof shingles in violation of IPMC 304.7.

17.     That Mr. Pelinkaj sent a letter dated May 11, 2020 to Mr. Myma detailing these violations and the need to correct them.

18.     That on November 18, 2020, Property Standards Inspector Jim Duesenberg of the Skokie Community Development Department, Neighborhood Services Division, went to the Subject Property to conduct a reinspection of the exterior of the premises.

19.     That during the course of his inspection, he observed multiple code violations at the Subject Property including but not limited to:

    a) garage in a state of disrepair, including collapsed roof in violation of IPMC 302.7,

    b) non-licensed, inoperable vehicles parked in the side driveway in violation of IPMC 302.8,

    c) roofing in a damaged state, including multiple open holes, in violation of IPMC 304.7.

20.     That on November 18, 2020, Mr. Duesenberg issued three (3) Skokie Administrative Hearing Citations:

    a) LO 0019462 – failure to remove non-licensed, non-operable vehicles in violation of IPMC Section 302.8,

    b) LO 0019463 – failure to remove collapsed structure in rear yard in violation of IPMC Section 302.7,

    c) LO 0019464 – failure to repair/replace all damaged roofing and seal open holes in roof structure in violation of IPMC Section 304.7.

An initial hearing for the above citations was set for December 11, 2020.

21.     That on December 11, 2020, none of the violations had been corrected, neither Mr. Myma nor anyone on his behalf appeared at the hearing or made any contact with the Village, and a $750 fine was imposed for each citation.

22.     That on January 22, 2021, Property Standards Inspector Jim Duesenberg of the Skokie Community Development Department, Neighborhood Services Division, went to the Subject Property to conduct a reinspection of the exterior of the premises.

3

23. That on January 22, 2021, Mr. Duesenberg issued three (3) Skokie Administrative Hearing Citations:

    a) LO 0017425 – failed to repair/replace all damaged roofing materials and holes in roof in violation of IPMC Section 304.7,

    b) LO 0017426 – failed to remove collapsed structure in rear yard in violation of IPMC Section 302.7,

    c) LO 0017427 – failed to remove inoperable and/or non-licensed vehicles from side driveway in violation of IPMC Section 302.8.

An initial hearing for the above citations was set for February 12, 2021.

24. That on February 12, 2021, none of the violations had been corrected, neither Mr. Myma nor anyone on his behalf appeared at the hearing or made any contact with the Village, and a $750 fine was imposed for each citation. Copies of the citations and the corresponding Findings, Decisions and Orders are attached hereto and marked as Exhibit "E."

25. That on February 10, 2022, Property Standards Inspector Colleen Burke of the Skokie Community Development Department, Neighborhood Services Division, went to the Subject Property to conduct an inspection of the exterior of the premises and observed the previous violations to be uncorrected.

26. That Ms. Burke sent a letter dated February 10, 2022 detailing these violations and the need to correct them.

27. That on February 24, 2022, Ms. Burke returned to the Subject Property and found all violations remained uncorrected.

28. That on February 24, 2022, Ms. Burke issued two (2) Skokie Administrative Hearing Citations:

    a) LO 0017741 – failure to repair/replace deteriorated area on roof at front of house in violation of IPMC Section 304.1,

    b) LO 0017777 – failure to demolish collapsing garage at rear of property – garage in hazardous condition - in violation of IPMC Section 302.7.

An initial hearing for the above citations was set for March 11, 2022.

29. That on March 11, 2022, none of the violations had been corrected, neither Mr. Myma nor anyone on his behalf appeared at the hearing or made any contact with the Village, and a $750 fine was imposed for each citation. Copies of the citations and the corresponding Findings, Decisions and Orders are attached hereto and marked as Exhibit "F".

30. That on April 22, 2022, Ms. Burke went to the Subject Property to conduct a reinspection.

31. That during the course of her inspection, she observed multiple code violations at the Subject Property including but not limited to:

FILED DATE: 9/15/2022 4:48 PM 2022003035

4

FILED DATE: 9/15/2022 4:48 PM    20222003035

  a) garage in a state of disrepair, including collapsed roof in violation of IPMC 302.7,

  b) non-licensed, inoperable vehicles parked in the side driveway in violation of IPMC 302.8,

  c) roofing in a damaged state, including multiple open holes, in violation of IPMC 304.7.

  d) stored items and debris around entire exterior property in violation of IPMC Section 308.1.

  32. That on April 22, 2022, Ms. Burke issued four (4) Skokie Administrative Hearing Citations:

  a) LO 0017797 – failure to demolish collapsing garage at rear of property – garage in hazardous condition - in violation of IPMC Section 302.7,

  b) LO 0017798 – failure to repair/replace deteriorated area on roof at front of house in violation of IPMC Section 304.1,

  c) LO 0017799 – failure to remove stored items and debris around entire exterior property in violation of IPMC Section 308.1,

  d) LO 0018825 – failure to remove unlicensed and/or inoperable vehicles stored on north driveway in violation of IPMC Section 302.8.

An initial hearing for the above citations was set for May 13, 2022.

  33. That on May 13, 2022, none of the violations had been corrected, neither Mr. Myrna nor anyone on his behalf appeared at the hearing or made any contact with the Village, and a $750 fine was imposed for each citation. Copies of the citations and the corresponding Findings, Decisions and Orders are attached hereto and marked as Exhibit "G".

  34. That on February 10, 2022, photographs were taken of the Subject Property by Ms. Burke, copies of which are hereto attached and marked as Exhibit "H," that depict the damaged roof with multiple open, unsealed holes.

  35. That on March 29, 2022, photographs were taken of the Subject Property by Ms. Burke, copies of which are hereto attached and marked as Exhibit "I," that depict the damaged roof with multiple open, unsealed holes, the garage/rear structure with collapsed roof, the unlicensed/inoperable vehicles in driveway, and the stored items and debris strewn across the property.

  36. That on May 24, 2022, Ms. Burke posted a warning letter on the property notifying Mr. Myrna that the property was in violation of 302.4 of IPMC and Section 42-39 of the Skokie Village Code, which states that all weeds and grasses in excess of six inches is a public nuisance, and, if not corrected within five days by the property owner, would be corrected by the Village of Skokie Public Works Department at the property owner's expense.

  37. That Ms. Burke returned to the property on June 1, 2022 and found the violations to be uncorrected.

  38. That Ms. Burke was informed by Village of Skokie Assistant to the Public Works Director Elizabeth Zimmerman that the overgrowth had become so thick with brush and tree-like weeds that it could not be handled by the Public Works Department with mowing equipment.

5

FILED DATE: 9/15/2022 4:46 PM   20222003035

39.     That on May 31, 2022, photographs were taken of the Subject Property by Ms. Burke, copies of which are hereto attached and marked as Exhibit "J," that depict the overgrowth of vegetation.

40.     That on August 3, 2022, the Village received a neighbor complaint that the overgrowth of vegetation has grown so high, and so close to the edge of the property line, that neighbors no longer have a sightline to safely exit their driveways onto the street.

41.     That Ms. Burke returned to the property on August 30, 2022 and observed the overgrowth of vegetation obscuring neighbor sightlines in violation of Skokie Village Code Section 118-234.

42.     That on August 30, 2022, photographs were taken of the Subject Property by Ms. Burke, copies of which are hereto attached and marked as Exhibit "K," that depict the overgrowth of vegetation obscuring the sightlines of neighbor driveways on both sides of the property.

43.     That as of the date of filing this complaint, the violations complained of continue to exist.

44.     That the jurisdiction of the Second Municipal District of the Municipal Department of the Circuit Court of Cook County, Illinois, is invoked, per General Order No. 1.2(2.2)(b)(iii) of the Circuit Court of Cook County which states in relevant part as follows:

(iii)     The Municipal Department also hears actions and proceedings filed by municipal corporations seeking relief, including injunctive relief. ...

(I)     For the enforcement of building, housing and zoning ordinances. ...

45.     That the levying of a fine, in and of itself, is not an adequate remedy for the abatement of the violations.

WHEREFORE, the Village of Skokie prays this Court:

(a)     to find the Defendant, PETER MYMA, guilty of violating Sections 22-181 and 118-234 of the Skokie Village Code;

(b)     to direct the Defendant to bring the Subject Property into full compliance with all property maintenance and building codes of the Village within 30 days;

(c)     that the Village be allowed entry on the property in order to cure the violations of the Village Code if the Defendant is unable to do so within the time allowed by the Court; or

(d)     for imposition of a fine against the Defendant of not less than $750 for each day from the date of filing that said violations continue to exist or a fine the Court may determine;

(e)     for the Village to file a lien against the Subject Property if recoverable costs due to the Village are not paid in a timely manner by the Defendant;

6

FILED DATE: 9/15/2022 4:48 PM   20222003035

(f)    any such other and further relief which this Court may deem necessary.

Respectfully submitted,

Abraham W. Funk
Assistant Corporation Counsel

#34205
Michael M. Lorge
Corporation Counsel
Abraham W. Funk
Assistant Corporation Counsel
Village of Skokie
5127 Oakton Street
Skokie, Illinois 60077
(847) 933-8270

FILED DATE: 9/15/2022 4:48 PM    2022003035

> Exhibit A

Sec. 1-6.  Penalties.

(a)   Standard penalty.

  (1)   Whenever in this Code, in any ordinance or in any rule or regulation of the Village any act is prohibited or is declared to be unlawful or an offense, or whenever in this Code, any ordinance or any rule or regulation the doing of any act is required or the failure to do any act is declared to be unlawful, where no specific penalty is provided therefor, any person, upon the violation of any ordinance, shall be punished by a fine not exceeding $750.00 for each such offense. The Corporation Counsel may file a civil action to recover any penalty or fine against any such person; provided, however, that the filing of such civil action shall preclude incarceration or imprisonment.

  (2)   In addition to any other fine or penalty provided for by this section or any other section of this Code, the court may also impose as a sentence any 1 of the following:

    a.   An amount of restitution to any person or entity suffering personal injury or property damage as the result of the conduct.

    b.   A period of community service.

    c.   Mandatory attendance at remedial counseling, treatment or educational sessions.

(b)   Commitment. The person upon whom any fine or penalty is imposed for violation of any provision of this Code or any ordinance of the Village, upon order of the court before whom the convictions is had, may be committed to the County Jail as provided by law, or to any other place provided by ordinance for the incarceration of offenders, until the fine, penalty, and costs are fully paid. No imprisonment, however, shall exceed 6 months for any 1 offense.

(c)   Incarceration for bailable offense. Any person incarcerated on a charge of violating a bailable provision of this Code or any ordinance, who does not supply bail and against whom a fine is levied upon conviction of such offense, shall be allowed a credit of $2.00 for each day so incarcerated prior to conviction, but such credit shall not exceed the amount of the fine levied.

(d)   Revocation of license or permit. The revocation of a license or permit shall not be considered a recovery or penalty so as to bar any penalty being enforced.

(e)   Establishment of escrow accounts. The Village Manager's designee, with the approval of the Village Manager or Corporation Counsel, is authorized to establish escrow accounts to assist the Village in resolving disputes relating to:

  (1)   The issuance of a permit, license or certificate of occupancy; or

  (2)   Conditions relating to a Plan Commission or Zoning Board of Appeals case. The terms of the escrow account shall be determined by the Village Manager, the Village Manager's designee or the Corporation Counsel.

(f)   Continuing violations. Each act of violation and each day upon which a violation occurs constitutes a separate offense.

Exhibit B

FILED DATE: 9/15/2022 4:48 PM 20222003035

Sec. 22-181. International Property Maintenance Code adopted.

Pursuant to authority granted by 65 ILCS 5/1-3-2, the Village hereby adopts by reference the International Property Maintenance Code, 2006 Edition, and all regulations thereto, as published by the International Code Council, Inc., as the property standards code, excepting those provisions which are modified or deleted as provided in this article.

(Code 1979, § 29.01; Ord. No. 04-12-C-3319, § 1, 12-6-2004; Ord. No. 05-6-C-3363, § 3, 6-20-2005; Ord. No. 08-7-C-3628, § 1, 7-21-2008)...

Sec. 22-183. - Amendments to International Property Maintenance Code.

The International Property Maintenance Code adopted by reference in this article shall be modified as follows:

...(7)   302.4 Weeds. Modify by replacing the first sentence of the text with the following:

All premises and exterior property shall be maintained free from weeds and plant growth in excess of 6 inches (152 mm).

Modify the first sentence of the second paragraph text as follows:

Upon failure of the owner or agent having charge of property to cut and destroy weeds or uncontrolled plant growth...

...(12) 308.1 Accumulation of rubbish or garbage. Replace text with the following:

All exterior property and premises, and the interior of every structure, shall be free from accumulation of rubbish, garbage and excessive storage.

FILED DATE: 9/15/2022 4:48 PM   20222003035



# CHAPTER 3
# GENERAL REQUIREMENTS

## SECTION 301
## GENERAL

**301.1 Scope.** The provisions of this chapter shall govern the minimum conditions and the responsibilities of persons for maintenance of structures, equipment and *exterior property*.

**301.2 Responsibility.** The *owner* of the *premises* shall maintain the structures and *exterior property* in compliance with these requirements, except as otherwise provided for in this code. A person shall not occupy as owner-occupant or permit another person to occupy *premises* which are not in a sanitary and safe condition and which do not comply with the requirements of this chapter. *Occupants* of a *dwelling unit, rooming unit* or *housekeeping unit* are responsible for keeping in a clean, sanitary and safe condition that part of the *dwelling unit, rooming unit, housekeeping unit* or *premises* which they occupy and control.

**301.3 Vacant structures and land.** All vacant structures and *premises* thereof or vacant land shall be maintained in a clean, safe, secure and sanitary condition as provided herein so as not to cause a blighting problem or adversely affect the public health or safety.

## SECTION 302
## EXTERIOR PROPERTY AREAS

**302.1 Sanitation.** All *exterior property* and *premises* shall be maintained in a clean, safe and sanitary condition. The *occupant* shall keep that part of the *exterior property* which such *occupant* occupies or controls in a clean and sanitary condition.

**302.2 Grading and drainage.** All *premises* shall be graded and maintained to prevent the erosion of soil and to prevent the accumulation of stagnant water thereon, or within any structure located thereon.

> **Exception:** *Approved* retention areas and reservoirs.

**302.3 Sidewalks and driveways.** All sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions.

**302.4 Weeds.** All *premises* and *exterior property* shall be maintained free from weeds or plant growth in excess of [JURISDICTION TO INSERT HEIGHT IN INCHES]. All noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens.

Upon failure of the *owner* or agent having charge of a property to cut and destroy weeds after service of a notice of violation, they shall be subject to prosecution in accordance with Section 106.3 and as prescribed by the authority having jurisdiction. Upon failure to comply with the notice of viola-

tion, any duly authorized employee of the jurisdiction or contractor hired by the jurisdiction shall be authorized to enter upon the property in violation and cut and destroy the weeds growing thereon, and the costs of such removal shall be paid by the *owner* or agent responsible for the property.

**302.5 Rodent harborage.** All structures and *exterior property* shall be kept free from rodent harborage and *infestation*. Where rodents are found, they shall be promptly exterminated by *approved* processes which will not be injurious to human health. After pest elimination, proper precautions shall be taken to eliminate rodent harborage and prevent reinfestation.

**302.6 Exhaust vents.** Pipes, ducts, conductors, fans or blowers shall not discharge gases, steam, vapor, hot air, grease, smoke, odors or other gaseous or particulate wastes directly upon abutting or adjacent public or private property or that of another *tenant*.

**302.7 Accessory structures.** All accessory structures, including *detached* garages, fences and walls, shall be maintained structurally sound and in good repair.

**302.8 Motor vehicles.** Except as provided for in other regulations, no inoperative or unlicensed motor vehicle shall be parked, kept or stored on any *premises*, and no vehicle shall at any time be in a state of major disassembly, disrepair, or in the process of being stripped or dismantled. Painting of vehicles is prohibited unless conducted inside an *approved* spray booth.

> **Exception:** A vehicle of any type is permitted to undergo major overhaul, including body work, provided that such work is performed inside a structure or similarly enclosed area designed and *approved* for such purposes.

**302.9 Defacement of property.** No person shall willfully or wantonly damage, mutilate or deface any exterior surface of any structure or building on any private or public property by placing thereon any marking, carving or graffiti.

It shall be the responsibility of the *owner* to restore said surface to an *approved* state of maintenance and repair.

## SECTION 303
## SWIMMING POOLS, SPAS AND HOT TUBS

**303.1 Swimming pools.** Swimming pools shall be maintained in a clean and sanitary condition, and in good repair.

**303.2 Enclosures.** Private swimming pools, hot tubs and spas, containing water more than 24 inches (610 mm) in depth shall be completely surrounded by a fence or barrier at least 48 inches (1219 mm) in height above the finished ground level measured on the side of the barrier away from the pool. Gates and doors in such barriers shall be self-closing and self-latching. Where the self-latching device is a minimum of 54 inches (1372 mm) above the bottom of the gate,

GENERAL REQUIREMENTS

the release mechanism shall be located on the pool side of the gate. Self-closing and self-latching gates shall be maintained such that the gate will positively close and latch when released from an open position of 6 inches (152 mm) from the gatepost. No existing pool enclosure shall be removed, replaced or changed in a manner that reduces its effectiveness as a safety barrier.

> **Exception:** Spas or hot tubs with a safety cover that complies with ASTM F 1346 shall be exempt from the provisions of this section.

## SECTION 304
## EXTERIOR STRUCTURE

**304.1 General.** The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

**304.1.1 Unsafe conditions.** The following conditions shall be determined as unsafe and shall be repaired or replaced to comply with the *International Building Code* or the *International Existing Building Code* as required for existing buildings:

1. The nominal strength of any structural member is exceeded by nominal loads, the load effects or the required strength;

2. The *anchorage* of the floor or roof to walls or columns, and of walls and columns to foundations is not capable of resisting all nominal loads or load effects;

3. Structures or components thereof that have reached their limit state;

4. Siding and masonry joints including joints between the building envelope and the perimeter of windows, doors and skylights are not maintained, weather resistant or water tight;

5. Structural members that have evidence of *deterioration* or that are not capable of safely supporting all nominal loads and load effects;

6. Foundation systems that are not firmly supported by footings, are not plumb and free from open cracks and breaks, are not properly *anchored* or are not capable of supporting all nominal loads and resisting all load effects;

7. Exterior walls that are not *anchored* to supporting and supported elements or are not plumb and free of holes, cracks or breaks and loose or rotting materials, are not properly *anchored* or are not capable of supporting all nominal loads and resisting all load effects;

8. Roofing or roofing components that have defects that admit rain, roof surfaces with inadequate drainage, or any portion of the roof framing that is not in good repair with signs of *deterioration*, fatigue or without proper anchorage and incapable of supporting all nominal loads and resisting all load effects;

9. Flooring and flooring components with defects that affect serviceability or flooring components that show signs of *deterioration* or fatigue, are not properly *anchored* or are incapable of supporting all nominal loads and resisting all load effects;

10. Veneer, cornices, belt courses, corbels, trim, wall facings and similar decorative features not properly anchored or that are anchored with connections not capable of supporting all nominal loads and resisting all load effects;

11. Overhang extensions or projections including, but not limited to, trash chutes, canopies, marquees, signs, awnings, fire escapes, standpipes and exhaust ducts not properly *anchored* or that are *anchored* with connections not capable of supporting all nominal loads and resisting all load effects;

12. Exterior stairs, decks, porches, balconies and all similar appurtenances attached thereto, including *guards* and handrails, are not structurally sound, not properly *anchored* or that are *anchored* with connections not capable of supporting all nominal loads and resisting all load effects; or

13. Chimneys, cooling towers, smokestacks and similar appurtenances not structurally sound or not properly *anchored*, or that are anchored with connections not capable of supporting all nominal loads and resisting all load effects.

> **Exceptions:**
>
> 1. When substantiated otherwise by an *approved* method.
>
> 2. Demolition of unsafe conditions shall be permitted when *approved* by the *code official*.

**304.2 Protective treatment.** All exterior surfaces, including but not limited to, doors, door and window frames, cornices, porches, trim, balconies, decks and fences, shall be maintained in good condition. Exterior wood surfaces, other than decay-resistant woods, shall be protected from the elements and decay by painting or other protective covering or treatment. Peeling, flaking and chipped paint shall be eliminated and surfaces repainted. All siding and masonry joints, as well as those between the building envelope and the perimeter of windows, doors and skylights, shall be maintained weather resistant and water tight. All metal surfaces subject to rust or corrosion shall be coated to inhibit such rust and corrosion, and all surfaces with rust or corrosion shall be stabilized and coated to inhibit future rust and corrosion. Oxidation stains shall be removed from exterior surfaces. Surfaces designed for stabilization by oxidation are exempt from this requirement.

**[F] 304.3 Premises identification.** Buildings shall have *approved* address numbers placed in a position to be plainly legible and visible from the street or road fronting the property. These numbers shall contrast with their background. Address numbers shall be Arabic numerals or alphabet letters. Numbers shall be a minimum of 4 inches (102 mm) in height with a minimum stroke width of 0.5 inch (12.7 mm).

FILED DATE: 9/15/2022 4:48 PM    20222003035

**304.4 Structural members.** All structural members shall be maintained free from *deterioration*, and shall be capable of safely supporting the imposed dead and live loads.

**304.5 Foundation walls.** All foundation walls shall be maintained plumb and free from open cracks and breaks and shall be kept in such condition so as to prevent the entry of rodents and other pests.

**304.6 Exterior walls.** All exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent *deterioration*.

**304.7 Roofs and drainage.** The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or *deterioration* in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.

**304.8 Decorative features.** All cornices, belt courses, corbels, terra cotta trim, wall facings and similar decorative features shall be maintained in good repair with proper anchorage and in a safe condition.

**304.9 Overhang extensions.** All overhang extensions including, but not limited to canopies, marquees, signs, metal awnings, fire escapes, standpipes and exhaust ducts shall be maintained in good repair and be properly *anchored* so as to be kept in a sound condition. When required, all exposed surfaces of metal or wood shall be protected from the elements and against decay or rust by periodic application of weather-coating materials, such as paint or similar surface treatment.

**304.10 Stairways, decks, porches and balconies.** Every exterior stairway, deck, porch and balcony, and all appurtenances attached thereto, shall be maintained structurally sound, in good repair, with proper anchorage and capable of supporting the imposed loads.

**304.11 Chimneys and towers.** All chimneys, cooling towers, smoke stacks, and similar appurtenances shall be maintained structurally safe and sound, and in good repair. All exposed surfaces of metal or wood shall be protected from the elements and against decay or rust by periodic application of weather-coating materials, such as paint or similar surface treatment.

**304.12 Handrails and guards.** Every handrail and *guard* shall be firmly fastened and capable of supporting normally imposed loads and shall be maintained in good condition.

**304.13 Window, skylight and door frames.** Every window, skylight, door and frame shall be kept in sound condition, good repair and weather tight.

**304.13.1 Glazing.** All glazing materials shall be maintained free from cracks and holes.

**304.13.2 Openable windows.** Every window, other than a fixed window, shall be easily openable and capable of being held in position by window hardware.

**304.14 Insect screens.** During the period from [DATE] to [DATE], every door, window and other outside opening required for *ventilation* of habitable rooms, food preparation areas, food service areas or any areas where products to be included or utilized in food for human consumption are processed, manufactured, packaged or stored shall be supplied with *approved* tightly fitting screens of minimum 16 mesh per inch (16 mesh per 25 mm), and every screen door used for insect control shall have a self-closing device in good working condition.

**Exception:** Screens shall not be required where other *approved* means, such as air curtains or insect repellent fans, are employed.

**304.15 Doors.** All exterior doors, door assemblies, operator systems if provided, and hardware shall be maintained in good condition. Locks at all entrances to dwelling units and sleeping units shall tightly secure the door. Locks on means of egress doors shall be in accordance with Section 702.3.

**304.16 Basement hatchways.** Every *basement* hatchway shall be maintained to prevent the entrance of rodents, rain and surface drainage water.

**304.17 Guards for basement windows.** Every *basement* window that is openable shall be supplied with rodent shields, storm windows or other *approved* protection against the entry of rodents.

**304.18 Building security.** Doors, windows or hatchways for *dwelling units*, room units or *housekeeping units* shall be provided with devices designed to provide security for the *occupants* and property within.

**304.18.1 Doors.** Doors providing access to a *dwelling unit*, *rooming unit* or *housekeeping unit* that is rented, leased or let shall be equipped with a deadbolt lock designed to be readily openable from the side from which egress is to be made without the need for keys, special knowledge or effort and shall have a minimum lock throw of 1 inch (25 mm). Such deadbolt locks shall be installed according to the manufacturer's specifications and maintained in good working order. For the purpose of this section, a sliding bolt shall not be considered an acceptable deadbolt lock.

**304.18.2 Windows.** Operable windows located in whole or in part within 6 feet (1828 mm) above ground level or a walking surface below that provide access to a *dwelling unit*, *rooming unit* or *housekeeping unit* that is rented, leased or let shall be equipped with a window sash locking device.

**304.18.3 Basement hatchways.** *Basement* hatchways that provide access to a *dwelling unit*, *rooming unit* or *housekeeping unit* that is rented, leased or let shall be equipped with devices that secure the units from unauthorized entry.

**304.19 Gates.** All exterior gates, gate assemblies, operator systems if provided, and hardware shall be maintained in good condition. Latches at all entrances shall tightly secure the gates.

## SECTION 305
## INTERIOR STRUCTURE

**305.1 General.** The interior of a structure and equipment therein shall be maintained in good repair, structurally sound

FILED DATE: 9/15/2022 4:48 PM    20222003035

4. Masonry that has been subjected to any of the following conditions:

    4.1. *Deterioration;*

    4.2. *Ultimate deformation;*

    4.3. Fractures in masonry or mortar joints;

    4.4. Fissures in masonry or mortar joints;

    4.5. Spalling;

    4.6. Exposed reinforcement; or

    4.7. *Detached,* dislodged or failing connections.

5. Steel that has been subjected to any of the following conditions:

    5.1. *Deterioration;*

    5.2. Elastic deformation;

    5.3. *Ultimate deformation;*

    5.4. Metal fatigue; or

    5.5. *Detached,* dislodged or failing connections.

6. Wood that has been subjected to any of the following conditions:

    6.1. *Ultimate deformation;*

    6.2. *Deterioration;*

    6.3. Damage from insects, rodents and other vermin;

    6.4. Fire damage beyond charring;

    6.5. Significant splits and checks;

    6.6. Horizontal shear cracks;

    6.7. Vertical shear cracks;

    6.8. Inadequate support;

    6.9. *Detached,* dislodged or failing connections; or

    6.10. Excessive cutting and notching.

**Exceptions:**

1. When substantiated otherwise by an *approved* method.

2. Demolition of unsafe conditions shall be permitted when *approved* by the *code official.*

## SECTION 307
## HANDRAILS AND GUARDRAILS

**307.1 General.** Every exterior and interior flight of stairs having more than four risers shall have a handrail on one side of the stair and every open portion of a stair, landing, balcony, porch, deck, ramp or other walking surface which is more than 30 inches (762 mm) above the floor or grade below shall have *guards.* Handrails shall not be less than 30 inches (762 mm) in height or more than 42 inches (1067 mm) in height measured vertically above the nosing of the tread or above the finished floor of the landing or walking surfaces. *Guards* shall not be less than 30 inches (762 mm) in height

above the floor of the landing, balcony, porch, deck, or ramp or other walking surface.

    **Exception:** *Guards* shall not be required where exempted by the adopted building code.

## SECTION 308
## RUBBISH AND GARBAGE

**308.1 Accumulation of rubbish or garbage.** All *exterior property* and *premises,* and the interior of every structure, shall be free from any accumulation of *rubbish* or garbage.

**308.2 Disposal of rubbish.** Every *occupant* of a structure shall dispose of all *rubbish* in a clean and sanitary manner by placing such *rubbish* in *approved* containers.

    **308.2.1 Rubbish storage facilities.** The *owner* of every occupied *premises* shall supply *approved* covered containers for *rubbish,* and the *owner* of the *premises* shall be responsible for the removal of *rubbish.*

    **308.2.2 Refrigerators.** Refrigerators and similar equipment not in operation shall not be discarded, abandoned or stored on *premises* without first removing the doors.

**308.3 Disposal of garbage.** Every *occupant* of a structure shall dispose of garbage in a clean and sanitary manner by placing such garbage in an *approved* garbage disposal facility or *approved* garbage containers.

    **308.3.1 Garbage facilities.** The *owner* of every dwelling shall supply one of the following: an *approved* mechanical food waste grinder in each *dwelling unit;* an *approved* incinerator unit in the structure available to the *occupants* in each *dwelling unit;* or an *approved* leakproof, covered, outside garbage container.

    **308.3.2 Containers.** The *operator* of every establishment producing garbage shall provide, and at all times cause to be utilized, *approved* leakproof containers provided with close-fitting covers for the storage of such materials until removed from the *premises* for disposal.

## SECTION 309
## PEST ELIMINATION

**309.1 Infestation.** All structures shall be kept free from insect and rodent *infestation.* All structures in which insects or rodents are found shall be promptly exterminated by *approved* processes that will not be injurious to human health. After pest elimination, proper precautions shall be taken to prevent reinfestation.

**309.2 Owner.** The *owner* of any structure shall be responsible for pest elimination within the structure prior to renting or leasing the structure.

**309.3 Single occupant.** The *occupant* of a one-family dwelling or of a single-*tenant* nonresidential structure shall be responsible for pest elimination on the *premises.*

**309.4 Multiple occupancy.** The *owner* of a structure containing two or more *dwelling units,* a multiple *occupancy,* a

FILED DATE: 9/15/2022 4:48 PM   20222003035



FILED DATE: 9/15/2022 4:48 PM   2022003035

**Sec. 118-234. - Maintenance.**

(a) All landscaping on public or private property that is part of an approved development plan shall be properly maintained, by the owner of the development, in a vigorous growing condition. Any landscaping which has been permitted to deteriorate shall be replaced.

(b) All shrubbery, trees, plants or vegetation within a 10-foot sight distance triangle in R1, R2, R3, and R4 districts, or within a 15-foot sight distance triangle in all other districts, shall not exceed 30 inches in height.

(c) Shrubbery planted in such a manner as to create a continuous barrier along a street frontage of a property shall not exceed 4 feet in height, except in mixed-use, business, and industrial districts where the purpose of the landscaping is to screen outdoor storage or along the side or rear yards of residential property.

(d) The entire site must be free of weeds, including areas behind required screening and along fences.

(e) The property owner shall sign an agreement for installation and maintenance of landscaping with the Village. This agreement recognizes that the installation and maintenance of landscaping is an integral part of the property owner's plan for the development and/or use of the property and is necessary to carry out the purpose and intent of the Village's land use objectives, and that the permits would not have been approved by the Village without the assurance that this agreement would be executed by the property owner. The purpose of this agreement is to ensure installation of the landscaping in accordance with the landscaping plan approved by the Village, and continued maintenance and care of the landscaping, including any landscaping indicated in the parkway.

(Zon. Ord., § 14.4; Ord. No. 08-6-C-3621, § 1, 6-2-2008; Ord. No. 09-1-C-3657, § 2, 1-5-2009; Ord. No. 11-3-C-3823, § 1, 3-7-2011; Ord. No. 13-10-C-4010, § 5, 10-7-2013)

**EXHIBIT**
E

**VIOLATION CITATION COMPLAINT ADMINISTRATIVE COURT COPY**
THE VILLAGE OF SKOKIE, A MUNICIPAL CORPORATION, VERSUS RESPONDENT
(NAMED BELOW), NOW COMES BY THE UNDER-SIGNED AND STATES:

COMPLAINT NO.

LO **0017425**

| RESPONDENT (LAST) | (FIRST) | (MI) | (DOB) |
|---|---|---|---|
| MYMA | JOHN | | |

ADDRESS  CITY/STATE  ZIP  (DL)
7620 NILES CENTER RD.

ON  (DAY OF WEEK)  MONTH  DAY  YEAR  APPROX.  A.M. / P.M.  IN THE VILLAGE OF SKOKIE, COUNTY OF COOK
FRIDAY  JAN 22 2021  2:00  AND STATE OF ILLINOIS

LOCATION OF VIOLATION (ADDRESS)  SITUATED WITHIN THE CORPORATE
7620 NILES CENTER RD.  LIMITS OF THE VILLAGE OF SKOKIE

DID AND THEN VIOLATE SECTION  OF THE MUNICIPAL CODE OF SKOKIE OR
22-181.  THE SKOKIE ZONING ORDINANCE BY

(DESCRIBE) (304.7) FAILED TO REPAIR/REPLACE ALL DAMAGED
ROOFING MATERIALS AND HOLES IN ROOF.

SIGNATURE OF WITNESS James W. Quin...

THE COMPLAINANT FURTHER STATES THAT THERE ARE REASONABLE GROUNDS TO BELIEVE THAT NAMED RESPONDENT
COMMITTED THE ABOVE OFFENSE IN VIOLATION OF THE STATED ORDINANCE AND THAT A COPY OF THIS COMPLAINT
WAS: ☐ SERVED ON THE RESPONDENT; ☐ SERVED BY CERTIFIED MAIL; ☐ POSTED ON THE PROPERTY;
☐ LEFT WITH RESPONDENT'S AGENT OR EMPLOYEE OR ☒ SERVED BY FIRST CLASS MAIL
AT 7620 NILES CENTER RD. SKOKIE, IL 60076  25  DAY
OF JANUARY  YEAR 2021  AT  A.M./P.M.

TO SETTLE THIS MATTER YOU M
EITHER: PREPAY THIS COMPLA
OR REQUEST A HEARING DATE

PREPAYMENT DUE DATE IS
MONTH  DATE  YEAR

FINAL NOTICE DATE IS
MONTH  DATE  YEAR

SETTLEMENT FOR THIS VIOLATION
BEFORE DUE DATE IS _____ .00

AFTER DUE DATE BUT BEFORE
FINAL NOTICE DATE IS _____ .00

☒ APPEARANCE IS REQUIRED AT
ADMINISTRATIVE HEARING

| MONTH | DATE | YEAR | TIME |
|---|---|---|---|
| FEB | 12 | 2021 | 9A |

HELD AT VILLAGE HALL, 5127 OAKTON STREET

OFFICER/INSPECTOR _____
STAR # AND DEPT. _____

FAILURE TO APPEAR OR PREPAY MAY RESULT IN A DEFAULT
JUDGMENT ENTERED AGAINST YOU.

FILED DATE: 9/15/2022 4:48 PM  20222003035

**Village of Skokie**
**5127 Oakton Street**
**Skokie, IL 60077**
**(847) 673-0500**

# Findings, Decision and Order

Citation L#: 00017425        DL #:

Hearing Date: 2/12/2021      Inspector: DUESENBERG, JAMES

Location of Violation: 7620 NILES CENTER RD

Respondent's Name: JOHN MYMA

Company:

Respondent's Address: 7620 NILES CENTER, SKOKIE, IL 60077

### Method of Appearance

☒ **Appeared**   ☐ **Appearance Waived**   ☒ **Failed to Appear**   ☐ **Attorney/Representative**

A notice of violation was duly served on the respondent charging that the respondent violated the Village of Skokie Code of Ordinances. The finding, decision and orders are as follows:

☐ **Compliance**            Respondent has admitted the violation and corrected it

☐ **No Compliance**         Respondent has admitted the violation and not corrected it

☒ **Code Compliance**       Respondent is ordered to bring property into compliance with Code.

☒ **Default**               Respondent failed to appear and the hearing was held before me on this day.

On the record before me, and upon further findings, reasons stated below, I find as to each violation charged and order civil penalty and compliance as follows. Failure to abate could result in the Village being authorized to correct the violation. Any unpaid costs and/or fines could result in a lien on your property.

Chapter/Section: 22-181         **Judgment is entered against the Respondent**
                                **Fine/Costs Imposed: 750.00**

Further findings of fact/conclusions of law:


_____         2/12/2021
Signature of Administrative Law Officer          Date

FILED DATE: 9/15/2022 4:48 PM   20222003035



# Village of Skokie

**Village Hall**

5127 Oakton Street
Skokie, Illinois 60077

Phone (847) 673-0500
Fax (847) 933-8200

www.skokie.org
SkokieVision Municipal Cable
1660 AM Skokie

**Council-Manager Government**
Mayor   George Van Dusen
Clerk   Pramod C. Shah
Trustees   Michele L. Bromberg
         Karen Gray-Keeler
         Ralph Klein
         Randall E. Roberts
         Edie Sue Sutker
         Ilonka Ulrich
Manager   John T. Lockerby
Counsel   Michael M. Lorge

**Awards and Distinctions**
American Public Works Association
(APWA) Accreditation

Commission on Fire Accreditation
International (CFAI)

Gold Level Clean Air Counts
Community

Government Finance Officers
Association Budget Award

Government Finance Officers
Association Certificate of
Achievement for Excellence in
Financial Reporting

Illinois Law Enforcement
Accreditation (ILEAP)

Insurance Services Office (ISO)
Class One Fire Department

State of Illinois Certified Health
Department

Tree City U.S.A. Distinction

March 17, 2021

John Myma
7620 Niles Center
Skokie, IL 60077

RE:   Location of Violation: 7620 NILES CENTER RD
      CITATION #: L 00017425
      Date and Time of violation: January 22, 2021 at
      Officer: DUESENBERG, JAMES
      Amount due: $750.00

Dear Mr. Myma:

On February 12, 2021, you failed to appear for a hearing on the above referenced matter. A hearing was held and the Administrative Hearing Officer found you guilty of the charged violation and imposed a fine as stated above. As of this date the fine remains outstanding and as a result the matter has been referred to my office for collection.

It is my hope that there will be no need to resort to legal proceedings for the collection of this outstanding amount owed the village. Therefore, you should remit payment to the Village of Skokie in the amount stated above in the envelope provided. In the event payment is not received within 14 days of the date of this letter, additional action may be taken which may include the recording of a judgment or lien, reporting of the judgment or lien to a credit reporting agency, or the initiation of a legal proceeding in the Circuit Court of Cook County.

Should you wish to discuss this matter you may contact Terry Oline, Property Standards Supervisor, at (847) 933-8223.

To make payment using either VISA, Discover or Master Card, please complete the area below.

Very truly yours,

Michael M. Lorge
Corporation Counsel
****************************************************************************
VISA or Master Card Payment Authorization:

Select Card Used:   ___VISA   ___Discover   ___Master Card

Card #: _ _ _ _  _ _ _ _  _ _ _ _  _ _ _ _

Expiration Date: __ __   Telephone #: (_____) _____-_____

Signature: _____   Date: __/__/__

FILED DATE: 9/15/2022 4:48 PM   2022203035

FILED DATE: 9/15/2022 4:48 PM    20222003035

**VIOLATION CITATION COMPLAINT ADMINISTRATIVE COURT COPY**
THE VILLAGE OF SKOKIE, A MUNICIPAL CORPORATION, VERSUS RESPONDENT
(NAMED BELOW); NOW COMES BY THE UNDER-SIGNED AND STATES:

RESPONDENT (LAST)          (FIRST)          (MI)          (DOB)

MYRNA          JOHN

ADDRESS          CITY/STATE          ZIP          (DL)
7620 NILES CENTER RD.

ON (DAY OF WEEK) MONTH DAY YEAR APPROX.   A.M.   IN THE VILLAGE OF SKOKIE, COUNTY OF COOK
FRIDAY - JAN· 22·2021· 3·00  (P.M.)   AND STATE OF ILLINOIS

LOCATION OF VIOLATION (ADDRESS)          SITUATED WITHIN THE CORPORATE
7620 NILES CENTER RD·          LIMITS OF THE VILLAGE OF SKOKIE

DID AND THEN VIOLATE SECTION          OF THE MUNICIPAL CODE OF SKOKIE OR
22 - 181          THE SKOKIE ZONING ORDINANCE BY

(DESCRIBE) (302.7) FAILED TO REMOVE COLLAPSED
STRUCTURE IN REAR YARD.

SIGNATURE OF WITNESS  James W. Lindley

THE COMPLAINANT FURTHER STATES THAT THERE ARE REASONABLE GROUNDS TO BELIEVE THAT NAMED RESPONDENT
COMMITTED THE ABOVE OFFENSE IN VIOLATION OF THE STATED ORDINANCE AND THAT A COPY OF THIS COMPLAINT
WAS: ☐ SERVED ON THE RESPONDENT; ☐ SERVED BY CERTIFIED MAIL; ☐ POSTED ON THE PROPERTY;
☐ LEFT WITH RESPONDENT'S AGENT OR EMPLOYEE OR ☒ SERVED BY FIRST CLASS MAIL
AT 7620 NILES CENTER RD - SKOKIE, IL 60076 ON 25 DAY
OF JANUARY YEAR 2021 AT _____ A.M./P.M.

LO    COMPLAINT NO.
0017426

☐    TO SETTLE THIS MATTER YOU M
EITHER: PREPAY THIS COMPLA
OR REQUEST A HEARING DATE

PREPAYMENT DUE DATE IS
MONTH    DATE    YEAR

FINAL NOTICE DATE IS
MONTH    DATE    YEAR

SETTLEMENT FOR THIS VIOLATION
BEFORE DUE DATE IS _____ .00

AFTER DUE DATE BUT BEFORE
FINAL NOTICE DATE IS _____ .00

☒    APPEARANCE IS REQUIRED AT
ADMINISTRATIVE HEARING

MONTH    DATE    YEAR    TIME
FEB.  12    2021  9AM
HELD AT VILLAGE HALL, 5127 OAKTON STREET

OFFICER/INSPECTOR _____
STAR # AND DEPT. _____

FAILURE TO APPEAR OR PREPAY MAY RESULT IN A DEFAU
JUDGMENT ENTERED AGAINST YOU.

FILED DATE: 9/15/2022 4:48 PM    20222003035

**Village of Skokie**
**5127 Oakton Street**
**Skokie, IL  60077**
**(847) 673-0500**

# Findings, Decision and Order

**Citation L#:**  00017426        **DL #:**

**Hearing Date:**  2/12/2021      **Inspector:**  DUESENBERG, JAMES

**Location of Violation:**  7620 NILES CENTER RD

**Respondent's Name:**  JOHN MYMA

**Company:**

**Respondent's Address:**  7620 NILES CENTER, SKOKIE, IL  60077

### Method of Appearance

☒ **Appeared**    ☒ **Appearance Waived**    ☒ **Failed to Appear**    ☒ **Attorney/Representative**

A notice of violation was duly served on the respondent charging that the respondent violated the Village of Skokie Code of Ordinances.  The finding, decision and orders are as follows:

☒ **Compliance**          Respondent has admitted the violation and corrected it

☒ **No Compliance**       Respondent has admitted the violation and not corrected it

☒ **Code Compliance**     Respondent is ordered to bring property into compliance with Code.

☒ **Default**             Respondent failed to appear and the hearing was held before me on this day.

On the record before me, and upon further findings, reasons stated below, I find as to each violation charged and order civil penalty and compliance as follows.  Failure to abate could result in the Village being authorized to correct the violation.  Any unpaid costs and/or fines could result in a lien on your property.

**Chapter/Section:**  22-181        **Judgment is entered against the Respondent**
**Fine/Costs Imposed:** 7 50  .00

Further findings of fact/conclusions of law:

_____          2/12/2021
Signature of Administrative Law Officer          Date



FILED DATE: 9/15/2022 4:48 PM    20222003035

# Village of Skokie

Village Hall

5127 Oakton Street
Skokie, Illinois 60077

Phone (847) 673-0500
Fax (847) 933-8200

www.skokie.org
SkokieVision Municipal Cable
1660 AM Skokie

*Council-Manager Government*
Mayor    George Van Dusen
Clerk    Pramod C. Shah
Trustees    Michele L. Bromberg
    Karen Gray-Keeler
    Ralph Klein
    Randall E. Roberts
    Edie Sue Sutker
    Ilonka Ulrich
Manager    John T. Lockerby
Counsel    Michael M. Lorge

*Awards and Distinctions*
American Public Works Association
(APWA) Accreditation

Commission on Fire Accreditation
International (CFAI)

Gold Level Clean Air Counts
Community

Government Finance Officers
Association Budget Award

Government Finance Officers
Association Certificate of
Achievement for Excellence in
Financial Reporting

Illinois Law Enforcement
Accreditation (ILEAP)

Insurance Services Office (ISO)
Class One Fire Department

State of Illinois Certified Health
Department

Tree City U.S.A. Distinction

March 17, 2021

John Myma
7620 Niles Center
Skokie, IL 60077

RE:    Location of Violation: 7620 NILES CENTER RD
       CITATION #: L 00017426
       Date and Time of violation: January 22, 2021 at
       Officer: DUESENBERG, JAMES
       Amount due: $750.00

Dear Mr. Myma:

On February 12, 2021, you failed to appear for a hearing on the above referenced matter. A hearing was held and the Administrative Hearing Officer found you guilty of the charged violation and imposed a fine as stated above. As of this date the fine remains outstanding and as a result the matter has been referred to my office for collection.

It is my hope that there will be no need to resort to legal proceedings for the collection of this outstanding amount owed the village. Therefore, you should remit payment to the Village of Skokie in the amount stated above in the envelope provided. In the event payment is not received within 14 days of the date of this letter, additional action may be taken which may include the recording of a judgment or lien, reporting of the judgment or lien to a credit reporting agency, or the initiation of a legal proceeding in the Circuit Court of Cook County.

Should you wish to discuss this matter you may contact Terry Oline, Property Standards Supervisor, at (847) 933-8223.

To make payment using either VISA, Discover or Master Card, please complete the area below.

Very truly yours,

Michael M. Lorge
Corporation Counsel

******************************************************************************

VISA or Master Card Payment Authorization:

Select Card Used:  ____VISA  ____Discover  ____Master Card

Card #:_ _ _ _  _ _ _ _  _ _ _ _  _ _ _ _

Expiration Date: __ __   Telephone #: (_____) _____-_____

Signature: _____   Date: __/__/__

**VIOLATION CITATION COMPLAINT ADMINISTRATIVE COURT COPY**
THE VILLAGE OF SKOKIE, A MUNICIPAL CORPORATION, VERSUS RESPONDENT
(NAMED BELOW), NOW COMES BY THE UNDER-SIGNED AND STATES:

RESPONDENT (LAST) MYMA   (FIRST) John   (MI)   (DOB)

ADDRESS 7620 Niles Center Rd.   CITY/STATE   ZIP   (DL)

ON (DAY OF WEEK) Friday   MONTH Jan   DAY 22   YEAR 2021   APPROX. 3:00   A.M. P.M.   IN THE VILLAGE OF SKOKIE, COUNTY OF COOK AND STATE OF ILLINOIS

LOCATION OF VIOLATION (ADDRESS) 7620 Niles Center Rd.   SITUATED WITHIN THE CORPORATE LIMITS OF THE VILLAGE OF SKOKIE

DID AND THEN VIOLATE SECTION 22-181   OF THE MUNICIPAL CODE OF SKOKIE OR THE SKOKIE ZONING ORDINANCE BY

(DESCRIBE) (302.8) Failed To Remove Inoperable, And/Or Non-Licensed Vehicles From The Driveway.

SIGNATURE OF WITNESS James W. Crowley

THE COMPLAINANT FURTHER STATES THAT THERE ARE REASONABLE GROUNDS TO BELIEVE THAT NAMED RESPONDENT COMMITTED THE ABOVE OFFENSE IN VIOLATION OF THE STATED ORDINANCE AND THAT A COPY OF THIS COMPLAINT WAS: ☐ SERVED ON THE RESPONDENT; ☐ SERVED BY CERTIFIED MAIL; ☐ POSTED ON THE PROPERTY; ☐ LEFT WITH RESPONDENT'S AGENT OR EMPLOYEE OR ☒ SERVED BY FIRST CLASS MAIL
AT 7620 Niles Center Rd. - Skokie, IL 60076 ON 25 DAY
OF January   YEAR 2021   AT _____ A.M./P.M.

**COMPLAINT NO.**

LO   0017427

☐   TO SETTLE THIS MATTER YOU M
EITHER: PREPAY THIS COMPLA
**OR REQUEST A HEARING DATE**

MONTH   PREPAYMENT DUE DATE IS
DATE   YEAR

MONTH   FINAL NOTICE DATE IS
DATE   YEAR

SETTLEMENT FOR THIS VIOLATION
BEFORE DUE DATE IS _____ .00

AFTER DUE DATE BUT BEFORE
FINAL NOTICE DATE IS _____ .00

☒   APPEARANCE IS REQUIRED AT
ADMINISTRATIVE HEARING

MONTH Feb.   DATE 12   YEAR 2021   TIME 9AM
HELD AT VILLAGE HALL, 5127 OAKTON STREET

OFFICER/INSPECTOR _____
STAR # AND DEPT. _____

FAILURE TO APPEAR OR PREPAY MAY RESULT IN A DEFAUL
JUDGMENT ENTERED AGAINST YOU.

FILED DATE: 9/15/2022 4:48 PM   20222003035

**Village of Skokie**
**5127 Oakton Street**
**Skokie, IL 60077**
**(847) 673-0500**

# Findings, Decision and Order

**Citation L#:** 00017427    **DL #:**

**Hearing Date:** 2/12/2021    **Inspector:** DUESENBERG, JAMES

**Location of Violation:** 7620 NILES CENTER RD

**Respondent's Name:** JOHN MYMA

**Company:**

**Respondent's Address:** 7620 NILES CENTER, SKOKIE, IL 60077

**Method of Appearance**

☐ **Appeared**    ☐ **Appearance Waived**    ☒ **Failed to Appear**    ☐ **Attorney/Representative**

A notice of violation was duly served on the respondent charging that the respondent violated the Village of Skokie Code of Ordinances. The finding, decision and orders are as follows:

☒ **Compliance**          Respondent has admitted the violation and corrected it

☒ **No Compliance**      Respondent has admitted the violation and not corrected it

☒ **Code Compliance**   Respondent is ordered to bring property into compliance with Code.

☒ **Default**                Respondent failed to appear and the hearing was held before me on this day.

On the record before me, and upon further findings, reasons stated below, I find as to each violation charged and order civil penalty and compliance as follows. Failure to abate could result in the Village being authorized to correct the violation. Any unpaid costs and/or fines could result in a lien on your property.

**Chapter/Section:** 22-181          **Judgment is entered against the Respondent**
**Fine/Costs Imposed:** 750.00

Further findings of fact/conclusions of law:

_____          2/12/2021
Signature of Administrative Law Officer                  Date

FILED DATE: 9/15/2022 4:48 PM 2022003035



FILED DATE: 9/15/2022 4:48 PM   20222003035

# Village of Skokie

**Village Hall**

5127 Oakton Street
Skokie, Illinois 60077

Phone (847) 673-0500
Fax (847) 933-8200

www.skokie.org
SkokieVision Municipal Cable
1660 AM Skokie

*Council-Manager Government*

| | |
|---|---|
| Mayor | George Van Dusen |
| Clerk | Pramod C. Shah |
| Trustees | Michele L. Bromberg |
| | Karen Gray-Keeler |
| | Ralph Klein |
| | Randall E. Roberts |
| | Edie Sue Sutker |
| | Ilonka Ulrich |
| Manager | John T. Lockerby |
| Counsel | Michael M. Lorge |

*Awards and Distinctions*

American Public Works Association
(APWA) Accreditation

Commission on Fire Accreditation
International (CFAI)

Gold Level Clean Air Counts
Community

Government Finance Officers
Association Budget Award

Government Finance Officers
Association Certificate of
Achievement for Excellence in
Financial Reporting

Illinois Law Enforcement
Accreditation (ILEAP)

Insurance Services Office (ISO)
Class One Fire Department

State of Illinois Certified Health
Department

Tree City U.S.A. Distinction

March 17, 2021

John Myma
7620 Niles Center
Skokie, IL  60077

RE:    Location of Violation:  7620 NILES CENTER RD
       CITATION #:  L 00017427
       Date and Time of violation:  January 22, 2021 at
       Officer:  DUESENBERG, JAMES
       Amount due:  $750.00

Dear Mr. Myma:

On February 12, 2021, you failed to appear for a hearing on the above referenced matter.  A hearing was held and the Administrative Hearing Officer found you guilty of the charged violation and imposed a fine as stated above.  As of this date the fine remains outstanding and as a result the matter has been referred to my office for collection.

It is my hope that there will be no need to resort to legal proceedings for the collection of this outstanding amount owed the village.  Therefore, you should remit payment to the Village of Skokie in the amount stated above in the envelope provided.  In the event payment is not received within 14 days of the date of this letter, additional action may be taken which may include the recording of a judgment or lien, reporting of the judgment or lien to a credit reporting agency, or the initiation of a legal proceeding in the Circuit Court of Cook County.

Should you wish to discuss this matter you may contact Terry Oline, Property Standards Supervisor, at (847) 933-8223.

To make payment using either VISA, Discover or Master Card, please complete the area below.

Very truly yours,

Michael M. Lorge
Corporation Counsel

*************************************************************************

VISA or Master Card Payment Authorization:

Select Card Used:    ____VISA    _____Discover    ____Master Card

Card #:_ _ _ _  _ _ _ _  _ _ _ _  _ _ _ _

Expiration Date: __ __    Telephone #: (_____) _____-_____

Signature: _____    Date: __/__/__

**EXHIBIT F**

**VIOLATION CITATION COMPLAINT ADMINISTRATIVE COURT COPY**
THE VILLAGE OF SKOKIE, A MUNICIPAL CORPORATION, VERSUS RESPONDENT
(NAMED BELOW), NOW COMES BY THE UNDER-SIGNED AND STATES:

LO

COMPLAINT NO. 0017741

RESPONDENT (LAST) MYMA    (FIRST) JOHN    (MI)

ADDRESS 7620 NILES CENTER    CITY/STATE    ZIP    (DL)

ON (DAY OF WEEK) THURS.    MONTH FEB    DAY 24    YEAR 2022    APPROX. 10:40 A.M. / P.M.    IN THE VILLAGE OF SKOKIE, COUNTY OF COOK AND STATE OF ILLINOIS

LOCATION OF VIOLATION (ADDRESS) 7620 NILES CENTER RD    SITUATED WITHIN THE CORPORATE LIMITS OF THE VILLAGE OF SKOKIE

DID AND THEN VIOLATE SECTION 22-181    OF THE MUNICIPAL CODE OF SKOKIE OR THE SKOKIE ZONING ORDINANCE BY

(DESCRIBE) 304.1 – FAILURE TO REPAIR/REPLACE DETERIORATED AREA ON ROOF AT FRONT OF HOUSE.

SIGNATURE OF WITNESS Osman

THE COMPLAINANT FURTHER STATES THAT THERE ARE REASONABLE GROUNDS TO BELIEVE THAT NAMED RESPONDENT COMMITTED THE ABOVE OFFENSE IN VIOLATION OF THE STATED ORDINANCE AND THAT A COPY OF THIS COMPLAINT WAS: ☐ SERVED ON THE RESPONDENT; ☐ SERVED BY CERTIFIED MAIL; ☐ POSTED ON THE PROPERTY; ☐ LEFT WITH RESPONDENT'S AGENT OR EMPLOYEE OR ☒ SERVED BY FIRST CLASS MAIL

AT 7620 NILES CENTER RD. – SKOKIE, IL 60077    ON 25    DAY

OF FEBRUARY    YEAR 2022    AT _____ A.M./P.M.

TO SETTLE THIS MATTER YOU EITHER: PREPAY THIS COMPL. OR REQUEST A HEARING DATE

MONTH    PREPAYMENT DUE DATE IS
    DATE    YEAR

MONTH    FINAL NOTICE DATE IS
    DATE    YEAR

SETTLEMENT FOR THIS VIOLATION BEFORE DUE DATE IS _____ .00

AFTER DUE DATE BUT BEFORE FINAL NOTICE DATE IS _____ .00

☒ APPEARANCE IS REQUIRED AT ADMINISTRATIVE HEARING

MONTH    DATE    YEAR    TIME
MAR    11    2022    9:30
HELD AT VILLAGE HALL, 5127 OAKTON STREET

OFFICER/INSPECTOR _____
STAR # AND DEPT. _____

FAILURE TO APPEAR OR PREPAY MAY RESULT IN A DEFAULT JUDGMENT ENTERED AGAINST YOU.

FILED DATE: 9/15/2022 4:48 PM    2022200305

FILED DATE: 9/15/2022 4:48 PM   20222003035

**Village of Skokie**
**5127 Oakton Street**
**Skokie, IL  60077**
**(847) 673-0500**

# Findings, Decision and Order

**Citation L#:**  00017741       **DL #:**

**Hearing Date:**  3/11/2022       **Inspector:**  BURKE, COLLEEN

**Location of Violation:**  7620 NILES CENTER RD

**Respondent's Name:**   JOHN MYMA

**Company:**

**Respondent's Address:**   7620 NILES CENTER, SKOKIE, IL  60077

**Method of Appearance**

☐ **Appeared**      ☐ **Appearance Waived**      ☒ **Failed to Appear**      ☐ **Attorney/Representative**

A notice of violation was duly served on the respondent charging that the respondent violated the
Village of Skokie Code of Ordinances.  The finding, decision and orders are as follows:

☐ **Compliance**          Respondent has admitted the violation and corrected it

☒ **No Compliance**       Respondent has admitted the violation and not corrected it

☒ **Code Compliance**     Respondent is ordered to bring property into compliance with Code.

☐ **Default**             Respondent failed to appear and the hearing was held before me on this day.

On the record before me, and upon further findings, reasons stated below, I find as to each violation
charged and order civil penalty and compliance as follows.  Failure to abate could result in the
Village being authorized to correct the violation.  Any unpaid costs and/or fines could result in a lien
on your property.

**Chapter/Section:**   22-181

**Further findings of fact/conclusions of law:**

**Judgment is entered against the Respondent**
**Fine/Costs Imposed:** _____.00

*Ex parte judgement 750.00*

_____          _3/11/2022_
Signature of Administrative Law Officer          Date



**FILED DATE: 9/15/2022 4:48 PM    20222003035**

# Village of Skokie

**Village Hall**

5127 Oakton Street
Skokie, Illinois 60077

Phone (847) 673-0500
Fax (847) 933-8200

www.skokie.org
SkokieVision Municipal Cable
1660 AM Skokie

*Council-Manager Government*

| | |
|---|---|
| Mayor | George Van Dusen |
| Clerk | Pramod C. Shah |
| Trustees | James H. Johnson |
| | Khem Khoeun |
| | Ralph Klein |
| | Alison Pure Slovin |
| | Keith A. Robinson |
| | Edie Sue Sutker |
| Manager | John T. Lockerby |
| Counsel | Michael M. Lorge |

*Awards and Distinctions*

American Public Works Association
(APWA) Accreditation

Commission on Fire Accreditation
International (CFAI)

Gold Level Clean Air Counts
Community

Government Finance Officers
Association Budget Award

Government Finance Officers
Association Certificate of
Achievement for Excellence in
Financial Reporting

Illinois Law Enforcement
Accreditation (ILEAP)

Insurance Services Office (ISO)
Class One Fire Department

State of Illinois Certified Health
Department

Tree City U.S.A. Distinction

April 25, 2022

John Myma
7620 Niles Center
Skokie, IL 60077

RE:    Location of Violation:  7620 NILES CENTER RD
       CITATION #:  L 00017741
       Date and Time of violation:  February 24, 2022 at 10:00 AM
       Officer:  BURKE, COLLEEN
       Amount due:  $750.00

Dear Mr. Myma:

On March 11, 2022, you failed to appear for a hearing on the above referenced matter.  A hearing was held and the Administrative Hearing Officer found you guilty of the charged violation and imposed a fine as stated above.  As of this date the fine remains outstanding and as a result the matter has been referred to my office for collection.

It is my hope that there will be no need to resort to legal proceedings for the collection of this outstanding amount owed the village.  Therefore,  you should remit payment to the Village of Skokie in the amount stated above in the envelope provided.  In the event payment is not received within 14 days of the date of this letter, additional action may be taken which may include the recording of a judgment or lien, reporting of the judgment  or lien to a credit reporting agency, or the initiation of a legal proceeding in the Circuit Court of Cook County.

Should you wish to discuss this matter you may contact Carrie Haberstich, Property Standards Supervisor, at (847) 933-8223.

To make payment using either VISA, Discover or Master Card, please complete the area below.

Very truly yours,

Michael M. Lorge
Corporation Counsel

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

VISA or Master Card Payment Authorization:

Select Card Used:    ___VISA    ___Discover    ___Master Card

Card #:_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Expiration Date: __ __    Telephone #: (_____) _____-_____

Signature: _____    Date: __/__/__

FILED DATE: 9/15/2022 4:48 PM   20222003035

**VIOLATION CITATION COMPLAINT ADMINISTRATIVE COURT COPY**
THE VILLAGE OF SKOKIE, A MUNICIPAL CORPORATION, VERSUS RESPONDENT
(NAMED BELOW), NOW COMES BY THE UNDER-SIGNED AND STATES:

COMPLAINT NO.

LO   0017777

RESPONDENT (LAST)                    (FIRST)              (MI)           (DOD)

MYMA, JOHN

ADDRESS 7620 NILES CENTER RD        CITY/STATE        ZIP         (DL)

ON   (DAY OF WEEK)   MONTH   DAY   YEAR   APPROX.   (A.M.)   IN THE VILLAGE OF SKOKIE, COUNTY OF COOK
THURS. FEB. 24, 2022 10:00  P.M.   AND STATE OF ILLINOIS

LOCATION OF VIOLATION (ADDRESS)                SITUATED WITHIN THE CORPORATE
7620 NILES CENTER RD                           LIMITS OF THE VILLAGE OF SKOKIE

DID AND THEN VIOLATE SECTION                   OF THE MUNICIPAL CODE OF SKOKIE OR
22-181                                         THE SKOKIE ZONING ORDINANCE BY

(DESCRIBE) 302.7 - FAILURE TO DEMOLISH COLLAPSING
GARAGE AT REAR OF PROPERTY. - GARAGE IN
SIGNATURE OF WITNESS C.B.W.              HAZARDOUS CONDITION.

THE COMPLAINANT FURTHER STATES THAT THERE ARE REASONABLE GROUNDS TO BELIEVE THAT NAMED RESPONDENT
COMMITTED THE ABOVE OFFENSE IN VIOLATION OF THE STATED ORDINANCE AND THAT A COPY OF THIS COMPLAINT
WAS: ☐ SERVED ON THE RESPONDENT; ☐ SERVED BY CERTIFIED MAIL; ☐ POSTED ON THE PROPERTY;
☐ LEFT WITH RESPONDENT'S AGENT OR EMPLOYEE OR ☒ SERVED BY FIRST CLASS MAIL
AT 7620 NILES CENTER RD. - SKOKIE, IL 60077 _____ ON 25 ___ DAY
OF FEBRUARY _____ YEAR 2022 AT _____ A.M./P.M.

TO SETTLE THIS MATTER YOU
EITHER: PREPAY THIS COMPL.
OR REQUEST A HEARING DATE

PREPAYMENT DUE DATE IS
MONTH _____ DATE _____ YEAR

FINAL NOTICE DATE IS
MONTH _____ DATE _____ YEAR

SETTLEMENT FOR THIS VIOLATION
BEFORE DUE DATE IS _____ .00

AFTER DUE DATE BUT BEFORE
FINAL NOTICE DATE IS _____ .00

☒ APPEARANCE IS REQUIRED AT
ADMINISTRATIVE HEARING

MONTH   DATE   YEAR   TIME
MAR   11   2022  9:00
HELD AT VILLAGE HALL, 5127 OAKTON STREET

OFFICER/INSPECTOR _____
STAR # AND DEPT. _____

FAILURE TO APPEAR OR PREPAY MAY RESULT IN A DEFAULT
JUDGMENT ENTERED AGAINST YOU.

**Village of Skokie**
**5127 Oakton Street**
**Skokie, IL  60077**
**(847) 673-0500**

# Findings, Decision and Order

**Citation L#:**  00017777      **DL #:**

**Hearing Date:**  3/11/2022    **Inspector:**  BURKE, COLLEEN

**Location of Violation:**  7620 NILES CENTER RD

**Respondent's Name:**   JOHN MYMA

**Company:**

**Respondent's Address:**   7620  NILES CENTER, SKOKIE, IL  60077

### Method of Appearance

☐ **Appeared**     ☐ **Appearance Waived**     ☒ **Failed to Appear**     ☐ **Attorney/Representative**

A notice of violation was duly served on the respondent charging that the respondent violated the Village of Skokie Code of Ordinances.  The finding, decision and orders are as follows:

☐ **Compliance**           Respondent has admitted the violation and corrected it

☒ **No Compliance**        Respondent has admitted the violation and not corrected it

☒ **Code Compliance**      Respondent is ordered to bring property into compliance with Code.

☐ **Default**              Respondent failed to appear and the hearing was held before me on this day.

On the record before me, and upon further findings, reasons stated below, I find as to each violation charged and order civil penalty and compliance as follows.  Failure to abate could result in the Village being authorized to correct the violation.  Any unpaid costs and/or fines could result in a lien on your property.

**Chapter/Section:**  22-181          **Judgment is entered against the Respondent**
                                      **Fine/Costs Imposed:** _____.00

Further findings of fact/conclusions of law:   *Ex parte judgement   750.00*

_____                    3/11/2022
Signature of Administrative Law Officer               Date

FILED DATE: 9/15/2022 4:48 PM   20222003035



# Village of Skokie

FILED DATE: 9/15/2022 4:48 PM    20222003035

**Village Hall**

5127 Oakton Street
Skokie, Illinois 60077

Phone (847) 673-0500
Fax (847) 933-8200

www.skokie.org
SkokieVision Municipal Cable
1660 AM Skokie

*Council-Manager Government*

| Mayor | George Van Dusen |
|---|---|
| Clerk | Pramod C. Shah |
| Trustees | James H. Johnson |
| | Khem Khoeun |
| | Ralph Klein |
| | Alison Pure Slovin |
| | Keith A. Robinson |
| | Edie Sue Sutker |
| Manager | John T. Lockerby |
| Counsel | Michael M. Lorge |

*Awards and Distinctions*

American Public Works Association
(APWA) Accreditation

Commission on Fire Accreditation
International (CFAI)

Gold Level Clean Air Counts
Community

Government Finance Officers
Association Budget Award

Government Finance Officers
Association Certificate of
Achievement for Excellence in
Financial Reporting

Illinois Law Enforcement
Accreditation (ILEAP)

Insurance Services Office (ISO)
Class One Fire Department

State of Illinois Certified Health
Department

Tree City U.S.A. Distinction

April 25, 2022

John Myma
7620 Niles Center
Skokie, IL  60077

RE:    Location of Violation:  7620 NILES CENTER RD
        CITATION #:  L 00017777
        Date and Time of violation:  February 24, 2022 at 10:00 AM
        Officer:  BURKE, COLLEEN
        Amount due:  $750.00

Dear Mr. Myma:

On March 11, 2022, you failed to appear for a hearing on the above referenced matter.  A hearing was held and the Administrative Hearing Officer found you guilty of the charged violation and imposed a fine as stated above.  As of this date the fine remains outstanding and as a result the matter has been referred to my office for collection.

It is my hope that there will be no need to resort to legal proceedings for the collection of this outstanding amount owed the village.  Therefore, you should remit payment to the Village of Skokie in the amount stated above in the envelope provided.  In the event payment is not received within 14 days of the date of this letter, additional action may be taken which may include the recording of a judgment or lien, reporting of the judgment  or lien to a credit reporting agency, or the initiation of a legal proceeding in the Circuit Court of Cook County.

Should you wish to discuss this matter you may contact Carrie Haberstich, Property Standards Supervisor, at (847) 933-8223.

To make payment using either VISA, Discover or Master Card, please complete the area below.

Very truly yours,

Michael M. Lorge
Corporation Counsel

*****************************************************************************

VISA or Master Card Payment Authorization:

Select Card Used:    ___VISA    ____Discover    ___Master Card

Card #:_ _ _ _  _ _ _ _  _ _ _ _  _ _ _ _

Expiration Date: __ __    Telephone #: (_____) _____-_____

Signature: _____ Date: __/__/__

**VIOLATION CITATION COMPLAINT ADMINISTRATIVE COURT COPY**
THE VILLAGE OF SKOKIE, A MUNICIPAL CORPORATION, VERSUS RESPONDENT
(NAMED BELOW), NOW COMES BY THE UNDER-SIGNED AND STATES:

**EXHIBIT**

G

COMPLAINT NO.

**0018825**

RESPONDENT (LAST) MYMA, PETER (FIRST) (MI)

LO

TO SETTLE THIS MATTER YOU
EITHER: PREPAY THIS COMPLAINT
OR REQUEST A HEARING DATE

ADDRESS 7620 NILES CENTER RD. CITY/STATE ZIP (DL)

MONTH

PREPAYMENT DUE DATE IS
DATE          YEAR

ON (DAY OF WEEK) FRI. MONTH APR. DAY 22 YEAR 2022 APPROX. 11:00 A.M./P.M. IN THE VILLAGE OF SKOKIE, COUNTY OF COOK
AND STATE OF ILLINOIS

LOCATION OF VIOLATION (ADDRESS) 7620 NILES CENTER RD SITUATED WITHIN THE CORPORATE
LIMITS OF THE VILLAGE OF SKOKIE

MONTH

FINAL NOTICE DATE IS
DATE          YEAR

DID AND THEN VIOLATE SECTION 22-101 OF THE MUNICIPAL CODE OF SKOKIE OR
THE SKOKIE ZONING ORDINANCE BY

SETTLEMENT FOR THIS VIOLATION
BEFORE DUE DATE IS _____ .00

(DESCRIBE) 302.8- FAILURE TO REMOVE UNLICENSED
AND/OR INOPERABLE VEHICLES STORED
ON NORTH DRIVEWAY

AFTER DUE DATE BUT BEFORE
FINAL NOTICE DATE IS _____ .00

SIGNATURE OF WITNESS CBW

APPEARANCE IS REQUIRED AT
ADMINISTRATIVE HEARING

THE COMPLAINANT FURTHER STATES THAT THERE ARE REASONABLE GROUNDS TO BELIEVE THAT NAMED RESPONDENT
COMMITTED THE ABOVE OFFENSE IN VIOLATION OF THE STATED ORDINANCE AND THAT A COPY OF THIS COMPLAINT
WAS: ☐ SERVED ON THE RESPONDENT; ☐ SERVED BY CERTIFIED MAIL; ☐ POSTED ON THE PROPERTY;
☐ LEFT WITH RESPONDENT'S AGENT OR EMPLOYEE OR ☒ SERVED BY FIRST CLASS MAIL

MONTH MAY DATE 13 YEAR 2022 TIME 9:00

HELD AT VILLAGE HALL, 5127 OAKTON STREET

AT 7620 NILES CENTER RD - SKOKIE, IL 60077 ON 22 DAY

OFFICER/INSPECTOR _____
STAR # AND DEPT. _____

OF APRIL YEAR 2022 AT _____ A.M./P.M.

FAILURE TO APPEAR OR PREPAY MAY RESULT IN A DEFAULT
JUDGMENT ENTERED AGAINST YOU.

**Village of Skokie**
**5127 Oakton Street**
**Skokie, IL 60077**
**(847) 673-0500**

# Findings, Decision and Order

**Citation L#:** 00018825      **DL #:**

**Hearing Date:** 5/13/2022      **Inspector:** BURKE, COLLEEN

**Location of Violation:** 7620 NILES CENTER RD

**Respondent's Name:** PETER MYMA

**Company:**

**Respondent's Address:** 7620 NILES CENTER RD, SKOKIE, IL 60077

### Method of Appearance

☐ **Appeared**    ☒ **Appearance Waived**    ☒ **Failed to Appear**    ☐ **Attorney/Representative**

A notice of violation was duly served on the respondent charging that the respondent violated the Village of Skokie Code of Ordinances.  The finding, decision and orders are as follows:

☐ **Compliance**          Respondent has admitted the violation and corrected it

☐ **No Compliance**       Respondent has admitted the violation and not corrected it

☒ **Code Compliance**     Respondent is ordered to bring property into compliance with Code.

☒ **Default**             Respondent failed to appear and the hearing was held before me on this day.

On the record before me, and upon further findings, reasons stated below, I find as to each violation charged and order civil penalty and compliance as follows.  Failure to abate could result in the Village being authorized to correct the violation.  Any unpaid costs and/or fines could result in a lien on your property.

**Chapter/Section:** 22-181          **Judgment is entered against the Respondent**
                                    **Fine/Costs Imposed:** _750_.00

Further findings of fact/conclusions of law:

_____      5/13/2022
Signature of Administrative Law Officer                   Date

FILED DATE: 9/15/2022 4:48 PM  2022003035



FILED DATE: 9/15/2022 4:48 PM    20222003035

**Village Hall**

5127 Oakton Street
Skokie, Illinois 60077

Phone (847) 673-0500
Fax (847) 933-8200

www.skokie.org
SkokieVision Municipal Cable
1660 AM Skokie

*Council-Manager Government*

| | |
|---|---|
| Mayor | George Van Dusen |
| Clerk | Pramod C. Shah |
| Trustees | James H. Johnson |
| | Khem Khoeun |
| | Ralph Klein |
| | Alison Pure Slovin |
| | Keith A. Robinson |
| | Edie Sue Sutker |
| Manager | John T. Lockerby |
| Counsel | Michael M. Lorge |

*Awards and Distinctions*

American Public Works Association
(APWA) Accreditation

Commission on Fire Accreditation
International (CFAI)

Gold Level Clean Air Counts
Community

Government Finance Officers
Association Budget Award

Government Finance Officers
Association Certificate of
Achievement for Excellence in
Financial Reporting

Illinois Law Enforcement
Accreditation (ILEAP)

Insurance Services Office (ISO)
Class One Fire Department

State of Illinois Certified Health
Department

Tree City U.S.A. Distinction

# Village of Skokie

June 24, 2022

Peter Myrna
7620 Niles Center Rd
Skokie, IL  60077

RE:    Location of Violation:  7620 NILES CENTER RD
CITATION #:  L 00018825
Date and Time of violation:  April 22, 2022 at 11:00 AM
Officer:  BURKE, COLLEEN
Amount due:  $750.00

Dear Mr Myrna:

On May 13, 2022, you failed to appear for a hearing on the above referenced matter. A hearing was held and the Administrative Hearing Officer found you guilty of the charged violation and imposed a fine as stated above.  As of this date the fine remains outstanding and as a result the matter has been referred to my office for collection.

It is my hope that there will be no need to resort to legal proceedings for the collection of this outstanding amount owed the village.  Therefore,  you should remit payment to the Village of Skokie in the amount stated above in the envelope provided.  In the event payment is not received within 14 days of the date of this letter, additional action may be taken which may include the recording of a judgment or lien, reporting of the judgment  or lien to a credit reporting agency, or the initiation of a legal proceeding in the Circuit Court of Cook County.

Should you wish to discuss this matter you may contact Carrie Haberstich, Property Standards Supervisor, at (847) 933-8223.

To make payment using either VISA, Discover or Master Card, please complete the area below.

Very truly yours,

Michael M. Lorge
Corporation Counsel
*******************************************************************************
VISA or Master Card Payment Authorization:

Select Card Used:    ___VISA    ____Discover    ___Master Card

Card #:___ ___ ___ ___  ___ ___ ___ ___  ___ ___ ___ ___  ___ ___ ___ ___

Expiration Date: ___ ___    Telephone #: (_____) _____-_____

Signature: _____    Date: __/__/__

FILED DATE: 9/15/2022 4:48 PM    20222003035

**VIOLATION CITATION COMPLAINT ADMINISTRATIVE COURT COPY**
THE VILLAGE OF SKOKIE, A MUNICIPAL CORPORATION, VERSUS RESPONDENT
(NAMED BELOW), NOW COMES BY THE UNDER-SIGNED AND STATES:

LO    COMPLAINT NO.

0017797

TO SETTLE THIS MATTER YOU MA
EITHER: PREPAY THIS COMPLAIN
OR REQUEST A HEARING DATE

RESPONDENT (LAST)        (FIRST)        (MI)        (DOB)

MYMA, PETER

ADDRESS        CITY/STATE        ZIP        (DL)

7620 NILES CENTER RD

| | PREPAYMENT DUE DATE IS |
| MONTH | DATE | YEAR |

ON (DAY OF WEEK)    MONTH    DAY    YEAR    APPROX.    A.M.    IN THE VILLAGE OF SKOKIE, COUNTY OF COOK
FRI. APR. 22, 2022 11:08    P.M.    AND STATE OF ILLINOIS

LOCATION OF VIOLATION (ADDRESS)
7620 NILES CENTER

SITUATED WITHIN THE CORPORATE
LIMITS OF THE VILLAGE OF SKOKIE

| | FINAL NOTICE DATE IS |
| MONTH | DATE | YEAR |

DID AND THEN VIOLATE SECTION    OF THE MUNICIPAL CODE OF SKOKIE OR
THE SKOKIE ZONING ORDINANCE BY

22-181

(DESCRIBE) 302.7 FAILURE TO DEMOLISH COLLAPSING
GARAGE AT REAR OF PROPERTY. GARAGE IN
SIGNATURE OF WITNESS    HAZARDOUS CONDITION.

SETTLEMENT FOR THIS VIOLATION
BEFORE DUE DATE IS _____ .00

AFTER DUE DATE BUT BEFORE
FINAL NOTICE DATE IS _____ .00

☒ APPEARANCE IS REQUIRED AT
ADMINISTRATIVE HEARING

| MONTH | DATE | YEAR | TIME |
| MAY | 13 | 2022 | 9:00 |

HELD AT VILLAGE HALL, 5127 OAKTON STREET

THE COMPLAINANT FURTHER STATES THAT THERE ARE REASONABLE GROUNDS TO BELIEVE THAT NAMED RESPONDENT
COMMITTED THE ABOVE OFFENSE IN VIOLATION OF THE STATED ORDINANCE AND THAT A COPY OF THIS COMPLAINT
WAS: ☐ SERVED ON THE RESPONDENT; ☐ SERVED BY CERTIFIED MAIL; ☐ POSTED ON THE PROPERTY;
☐ LEFT WITH RESPONDENT'S AGENT OR EMPLOYEE OR ☒ SERVED BY FIRST CLASS MAIL
AT 7620 NILES CENTER RD- SKOKIE, IL 60077 ON 22 DAY
OF APRIL YEAR 2022 AT _____ A.M./P.M.

OFFICER/INSPECTOR _____
STAR # AND DEPT. _____

FAILURE TO APPEAR OR PREPAY MAY RESULT IN A DEFAULT
JUDGMENT ENTERED AGAINST YOU.

FILED DATE: 9/15/2022 4:48 PM    20222003035

**Village of Skokie**
**5127 Oakton Street**
**Skokie, IL  60077**
**(847) 673-0500**

# Findings, Decision and Order

**Citation L#:**  00017797          **DL #:**

**Hearing Date:**  5/13/2022      **Inspector:**  BURKE, COLLEEN

**Location of Violation:**  7620 NILES CENTER RD

**Respondent's Name:**   PETER MYMA

**Company:**

**Respondent's Address:**   7620 NILES CENTER RD, SKOKIE, IL  60077

### Method of Appearance

☐ **Appeared**      ☒ **Appearance Waived**      ☒ **Failed to Appear**      ☐ **Attorney/Representative**

A notice of violation was duly served on the respondent charging that the respondent violated the Village of Skokie Code of Ordinances.  The finding, decision and orders are as follows:

☐ **Compliance**              Respondent has admitted the violation and corrected it

☐ **No Compliance**          Respondent has admitted the violation and not corrected it

☒ **Code Compliance**        Respondent is ordered to bring property into compliance with Code.

☒ **Default**                Respondent failed to appear and the hearing was held before me on this day.

On the record before me, and upon further findings, reasons stated below, I find as to each violation charged and order civil penalty and compliance as follows.  Failure to abate could result in the Village being authorized to correct the violation.  Any unpaid costs and/or fines could result in a lien on your property.

**Chapter/Section:**  22-181          **Judgment is entered against the Respondent**
                                      **Fine/Costs Imposed:** _750_ .00

Further findings of fact/conclusions of law:

_____          _5/13/2022_
Signature of Administrative Law Officer          Date



# Village of Skokie

FILED DATE: 9/15/2022 4:48 PM          20222003035

**Village Hall**

5127 Oakton Street
Skokie, Illinois 60077

Phone (847) 673-0500
Fax (847) 933-8200

www.skokie.org
SkokieVision Municipal Cable
1660 AM Skokie

*Council-Manager Government*

| Mayor | George Van Dusen |
|---|---|
| Clerk | Pramod C. Shah |
| Trustees | James H. Johnson |
| | Khem Khoeun |
| | Ralph Klein |
| | Alison Pure Slovin |
| | Keith A. Robinson |
| | Edie Sue Sutker |
| Manager | John T. Lockerby |
| Counsel | Michael M. Lorge |

*Awards and Distinctions*

American Public Works Association
(APWA) Accreditation

Commission on Fire Accreditation
International (CFAI)

Gold Level Clean Air Counts
Community

Government Finance Officers
Association Budget Award

Government Finance Officers
Association Certificate of
Achievement for Excellence in
Financial Reporting

Illinois Law Enforcement
Accreditation (ILEAP)

Insurance Services Office (ISO)
Class One Fire Department

State of Illinois Certified Health
Department

Tree City U.S.A. Distinction

June 24, 2022

Peter Myma
7620 Niles Center Rd
Skokie, IL 60077

RE:     Location of Violation: 7620 NILES CENTER RD
        CITATION #: L 00017797
        Date and Time of violation: April 22, 2022 at 11:00 AM
        Officer: BURKE, COLLEEN
        Amount due: $750.00

Dear Mr Myma:

On May 13, 2022, you failed to appear for a hearing on the above referenced matter. A hearing was held and the Administrative Hearing Officer found you guilty of the charged violation and imposed a fine as stated above. As of this date the fine remains outstanding and as a result the matter has been referred to my office for collection.

It is my hope that there will be no need to resort to legal proceedings for the collection of this outstanding amount owed the village. Therefore, you should remit payment to the Village of Skokie in the amount stated above in the envelope provided. In the event payment is not received within 14 days of the date of this letter, additional action may be taken which may include the recording of a judgment or lien, reporting of the judgment or lien to a credit reporting agency, or the initiation of a legal proceeding in the Circuit Court of Cook County.

Should you wish to discuss this matter you may contact Carrie Haberstich, Property Standards Supervisor, at (847) 933-8223.

To make payment using either VISA, Discover or Master Card, please complete the area below.

Very truly yours,

Michael M. Lorge
Corporation Counsel
**********************************************************************

VISA or Master Card Payment Authorization:

Select Card Used: ____VISA      ____Discover      ____Master Card

Card #:_ _ _ _  _ _ _ _  _ _ _ _  _ _ _ _

Expiration Date: __ __     Telephone #: (_____) _____-_____

Signature: _____     Date: __/__/__

FILED DATE: 9/15/2022 4:48 PM    2022200035

**VIOLATION CITATION COMPLAINT ADMINISTRATIVE COURT COPY**
THE VILLAGE OF SKOKIE, A MUNICIPAL CORPORATION, VERSUS RESPONDENT
(NAMED BELOW), NOW COMES BY THE UNDER-SIGNED AND STATES:

RESPONDENT (LAST)                    (FIRST)        (MI)        (DOB)

MYMA, PETER

ADDRESS    CITY/STATE    ZIP    (DL)
7620 NILES CENTER RD.

ON (DAY OF WEEK)  MONTH  DAY  YEAR  APPROX.  (A.M.)    IN THE VILLAGE OF SKOKIE, COUNTY OF COOK
FRI. APR. 22, 2022 11:00 P.M.    AND STATE OF ILLINOIS

LOCATION OF VIOLATION (ADDRESS)    SITUATED WITHIN THE CORPORATE
7620 NILES CENTER RD.    LIMITS OF THE VILLAGE OF SKOKIE

DID AND THEN VIOLATE SECTION    OF THE MUNICIPAL CODE OF SKOKIE OR
THE SKOKIE ZONING ORDINANCE BY
22-181

(DESCRIBE) 304.1 - FAILURE TO REPAIR/REPLACE
DETERIORATED AREA ON ROOF AT FRONT OF
HOUSE.
SIGNATURE OF WITNESS    CBM

THE COMPLAINANT FURTHER STATES THAT THERE ARE REASONABLE GROUNDS TO BELIEVE THAT NAMED RESPONDENT
COMMITTED THE ABOVE OFFENSE IN VIOLATION OF THE STATED ORDINANCE AND THAT A COPY OF THIS COMPLAINT
WAS: ☐ SERVED ON THE RESPONDENT; ☐ SERVED BY CERTIFIED MAIL; ☐ POSTED ON THE PROPERTY;
☐ LEFT WITH RESPONDENT'S AGENT OR EMPLOYEE OR ☒ SERVED BY FIRST CLASS MAIL
AT 7620 NILES CENTER RD. - SKOKIE, IL 60077 ON 22 DAY
OF APRIL YEAR 2022 AT _____ A.M./P.M.

**COMPLAINT NO.**

LO    0017798

☐    TO SETTLE THIS MATTER YOU
EITHER: PREPAY THIS COMPL
OR REQUEST A HEARING DATE

PREPAYMENT DUE DATE IS
MONTH    DATE    YEAR

FINAL NOTICE DATE IS
MONTH    DATE    YEAR

SETTLEMENT FOR THIS VIOLATION
BEFORE DUE DATE IS _____ .00

AFTER DUE DATE BUT BEFORE
FINAL NOTICE DATE IS _____ .00

☒    APPEARANCE IS REQUIRED AT
ADMINISTRATIVE HEARING

MONTH  DATE  YEAR  TIME
MAY  13  2022  9:0
HELD AT VILLAGE HALL, 5127 OAKTON STREET

OFFICER/INSPECTOR _____
STAR # AND DEPT. _____

FAILURE TO APPEAR OR PREPAY MAY RESULT IN A DEFAUL
JUDGMENT ENTERED AGAINST YOU.

**Village of Skokie**
**5127 Oakton Street**
**Skokie, IL 60077**
**(847) 673-0500**

# Findings, Decision and Order

**Citation L#:** 00017798        **DL #:**

**Hearing Date:** 5/13/2022    **Inspector:** BURKE, COLLEEN

**Location of Violation:** 7620 NILES CENTER RD

**Respondent's Name:** PETER MYMA

**Company:**

**Respondent's Address:** 7620 NILES CENTER RD, SKOKIE, IL 60077

### Method of Appearance

☐ **Appeared**    ☒ **Appearance Waived**    ☒ **Failed to Appear**    ☒ **Attorney/Representative**

A notice of violation was duly served on the respondent charging that the respondent violated the Village of Skokie Code of Ordinances. The finding, decision and orders are as follows:

☐ **Compliance**          Respondent has admitted the violation and corrected it

☐ **No Compliance**       Respondent has admitted the violation and not corrected it

☒ **Code Compliance**     Respondent is ordered to bring property into compliance with Code.

☒ **Default**             Respondent failed to appear and the hearing was held before me on this day.

On the record before me, and upon further findings, reasons stated below, I find as to each violation charged and order civil penalty and compliance as follows. Failure to abate could result in the Village being authorized to correct the violation. Any unpaid costs and/or fines could result in a lien on your property.

**Chapter/Section:** 22-181        **Judgment is entered against the Respondent**
                                  **Fine/Costs Imposed:** 750.00

Further findings of fact/conclusions of law:

_____        _5/13/2022_
Signature of Administrative Law Officer        Date

FILED DATE: 9/15/2022 4:48 PM    20222003035



FILED DATE: 9/15/2022 4:48 PM   20222003035

# Village of Skokie

**Village Hall**

5127 Oakton Street
Skokie, Illinois 60077

Phone (847) 673-0500
Fax (847) 933-8200

www.skokie.org
SkokieVision Municipal Cable
1660 AM Skokie

*Council-Manager Government*

| | |
|---|---|
| Mayor | George Van Dusen |
| Clerk | Pramod C. Shah |
| Trustees | James H. Johnson |
| | Khem Khoeun |
| | Ralph Klein |
| | Alison Pure Slovin |
| | Keith A. Robinson |
| | Edie Sue Sutker |
| Manager | John T. Lockerby |
| Counsel | Michael M. Lorge |

*Awards and Distinctions*

American Public Works Association
(APWA) Accreditation

Commission on Fire Accreditation
International (CFAI)

Gold Level Clean Air Counts
Community

Government Finance Officers
Association Budget Award

Government Finance Officers
Association Certificate of
Achievement for Excellence in
Financial Reporting

Illinois Law Enforcement
Accreditation (ILEAP)

Insurance Services Office (ISO)
Class One Fire Department

State of Illinois Certified Health
Department

Tree City U.S.A. Distinction

June 24, 2022

Peter Myma
7620 Niles Center Rd
Skokie, IL 60077

RE:     Location of Violation:  7620 NILES CENTER RD
        CITATION #:  L 00017798
        Date and Time of violation:  April 22, 2022 at 11:00 AM
        Officer:  BURKE, COLLEEN
        Amount due:  $750.00

Dear Mr Myma:

On May 13, 2022, you failed to appear for a hearing on the above referenced matter. A hearing was held and the Administrative Hearing Officer found you guilty of the charged violation and imposed a fine as stated above.  As of this date the fine remains outstanding and as a result the matter has been referred to my office for collection.

It is my hope that there will be no need to resort to legal proceedings for the collection of this outstanding amount owed the village.  Therefore,  you should remit payment to the Village of Skokie in the amount stated above in the envelope provided.  In the event payment is not received within 14 days of the date of this letter, additional action may be taken which may include the recording of a judgment or lien, reporting of the judgment  or lien to a credit reporting agency, or the initiation of a legal proceeding in the Circuit Court of Cook County.

Should you wish to discuss this matter you may contact Carrie Haberstich, Property Standards Supervisor, at (847) 933-8223.

To make payment using either VISA, Discover or Master Card, please complete the area below.

Very truly yours,

Michael M. Lorge
Corporation Counsel

*************************************************************************

VISA or Master Card Payment Authorization:

Select Card Used:   ___VISA   ___Discover   ___Master Card

Card #:_ _ _ _  _ _ _ _  _ _ _ _  _ _ _ _

Expiration Date: __ __   Telephone #: (____) _____-_____

Signature: _____   Date: __/__/__

FILED DATE: 9/15/2022 4:48 PM   20222003035

**VIOLATION CITATION COMPLAINT ADMINISTRATIVE COURT COPY**
THE VILLAGE OF SKOKIE, A MUNICIPAL CORPORATION, VERSUS RESPONDENT
(NAMED BELOW), NOW COMES BY THE UNDER-SIGNED AND STATES:

RESPONDENT (LAST) _MYMA, PETER_   (FIRST)   (MI)   (DOB)

ADDRESS _7620 NILES CENTER RD._   CITY/STATE   ZIP   (DL)

ON _FRI._ (DAY OF WEEK) _APR._ MONTH _22_ DAY _2022_ YEAR _11:00_ APPROX. ☒ A.M. / ☐ P.M.   IN THE VILLAGE OF SKOKIE, COUNTY OF COOK AND STATE OF ILLINOIS

LOCATION OF VIOLATION (ADDRESS) _7620 NILES CENTER RD_   SITUATED WITHIN THE CORPORATE LIMITS OF THE VILLAGE OF SKOKIE

DID AND THEN VIOLATE SECTION _22-__-183_   OF THE MUNICIPAL CODE OF SKOKIE OR THE SKOKIE ZONING ORDINANCE BY

(DESCRIBE) _308.1 - FAILURE TO REMOVE STORED ITEMS, DEBRIS FROM EXTERIOR PROPERTY._

SIGNATURE OF WITNESS _CBM_

THE COMPLAINANT FURTHER STATES THAT THERE ARE REASONABLE GROUNDS TO BELIEVE THAT NAMED RESPONDENT COMMITTED THE ABOVE OFFENSE IN VIOLATION OF THE STATED ORDINANCE AND THAT A COPY OF THIS COMPLAINT WAS: ☐ SERVED ON THE RESPONDENT; ☐ SERVED BY CERTIFIED MAIL; ☐ POSTED ON THE PROPERTY; ☐ LEFT WITH RESPONDENT'S AGENT OR EMPLOYEE OR ☒ SERVED BY FIRST CLASS MAIL
AT _7620 NILES CENTER RD - SKOKIE, IL 60077_ ON _22_ DAY
OF _APRIL_ YEAR _2022_ AT _____ A.M./P.M.

COMPLAINT NO.

LO   **0017799**

☐

TO SETTLE THIS MATTER YOU EITHER: PREPAY THIS COMPL. OR REQUEST A HEARING DATE

PREPAYMENT DUE DATE IS
MONTH   DATE   YEAR

FINAL NOTICE DATE IS
MONTH   DATE   YEAR

SETTLEMENT FOR THIS VIOLATION BEFORE DUE DATE IS _____ .00

AFTER DUE DATE BUT BEFORE FINAL NOTICE DATE IS _____ .00

☒ APPEARANCE IS REQUIRED AT ADMINISTRATIVE HEARING
MONTH _MAY_  DATE _13_  YEAR _2022_  TIME _9:00_
HELD AT VILLAGE HALL, 5127 OAKTON STREET

OFFICER/INSPECTOR _____
STAR # AND DEPT. _____

FAILURE TO APPEAR OR PREPAY MAY RESULT IN A DEFAULT JUDGMENT ENTERED AGAINST YOU.

**Village of Skokie**
**5127 Oakton Street**
**Skokie, IL  60077**
**(847) 673-0500**

# Findings, Decision and Order

**Citation L#:**  00017799          **DL #:**

**Hearing Date:**  5/13/2022     **Inspector:**  BURKE, COLLEEN

**Location of Violation:**  7620 NILES CENTER RD

**Respondent's Name:**   PETER MYMA

**Company:**

**Respondent's Address:**   7620 NILES CENTER RD, SKOKIE, IL  60077

### Method of Appearance

☐ **Appeared**     ☐ **Appearance Waived**     ☒ **Failed to Appear**     ☐ **Attorney/Representative**

A notice of violation was duly served on the respondent charging that the respondent violated the Village of Skokie Code of Ordinances.  The finding, decision and orders are as follows:

☐ **Compliance**          Respondent has admitted the violation and corrected it

☐ **No Compliance**       Respondent has admitted the violation and not corrected it

☒ **Code Compliance**     Respondent is ordered to bring property into compliance with Code.

☒ **Default**             Respondent failed to appear and the hearing was held before me on this day.

On the record before me, and upon further findings, reasons stated below, I find as to each violation charged and order civil penalty and compliance as follows.  Failure to abate could result in the Village being authorized to correct the violation.  Any unpaid costs and/or fines could result in a lien on your property.

**Chapter/Section:**   22-183

**Judgment is entered against the Respondent**
**Fine/Costs Imposed:** 750 .00

Further findings of fact/conclusions of law:


_____
Signature of Administrative Law Officer

5/13/2022
Date

FILED DATE: 9/15/2022 4:48 PM  2022003035



FILED DATE: 9/15/2022 4:48 PM    20222003035

# Village of Skokie

**Village Hall**

5127 Oakton Street
Skokie, Illinois 60077

Phone (847) 673-0500
Fax (847) 933-8200

www.skokie.org
SkokieVision Municipal Cable
1660 AM Skokie

*Council-Manager Government*

| | |
|---|---|
| Mayor | George Van Dusen |
| Clerk | Pramod C. Shah |
| Trustees | James H. Johnson |
| | Khem Khoeun |
| | Ralph Klein |
| | Alison Pure Slovin |
| | Keith A. Robinson |
| | Edie Sue Sutker |
| Manager | John T. Lockerby |
| Counsel | Michael M. Lorge |

*Awards and Distinctions*

American Public Works Association
(APWA) Accreditation

Commission on Fire Accreditation
International (CFAI)

Gold Level Clean Air Counts
Community

Government Finance Officers
Association Budget Award

Government Finance Officers
Association Certificate of
Achievement for Excellence in
Financial Reporting

Illinois Law Enforcement
Accreditation (ILEAP)

Insurance Services Office (ISO)
Class One Fire Department

State of Illinois Certified Health
Department

Tree City U.S.A. Distinction

June 24, 2022

Peter Myma
7620 Niles Center Rd
Skokie, IL 60077

RE:  Location of Violation: 7620 NILES CENTER RD
CITATION #: L 00017799
Date and Time of violation: April 22, 2022 at 11:00 AM
Officer: BURKE, COLLEEN
Amount due: $750.00

Dear Mr Myma:

On May 13, 2022, you failed to appear for a hearing on the above referenced matter. A hearing was held and the Administrative Hearing Officer found you guilty of the charged violation and imposed a fine as stated above. As of this date the fine remains outstanding and as a result the matter has been referred to my office for collection.

It is my hope that there will be no need to resort to legal proceedings for the collection of this outstanding amount owed the village. Therefore, you should remit payment to the Village of Skokie in the amount stated above in the envelope provided. In the event payment is not received within 14 days of the date of this letter, additional action may be taken which may include the recording of a judgment or lien, reporting of the judgment or lien to a credit reporting agency, or the initiation of a legal proceeding in the Circuit Court of Cook County.

Should you wish to discuss this matter you may contact Carrie Haberstich, Property Standards Supervisor, at (847) 933-8223.

To make payment using either VISA, Discover or Master Card, please complete the area below.

Very truly yours,

Michael M. Lorge
Corporation Counsel

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

VISA or Master Card Payment Authorization:

Select Card Used:  ___VISA  ____Discover  ___Master Card

Card #:_ _ _ _  _ _ _ _  _ _ _ _  _ _ _ _ _

Expiration Date: __ __  Telephone #: (_____) _____-_____

Signature: _____  Date: __/__/__

































Filer Selected Hearing Date: No hearing scheduled
Location:.<<CourtRoomNumber>>
Judge: Courtroom, 0204
System Generated Hearing Date: 9/12/2025 1:30 PM
Location: Court Room 0204
Judge: Allegretti, James L.
34205

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

FILED
9/3/2025 10:15 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20222003035

STATE OF ILLINOIS )
                    )
COUNTY OF COOK )

FILED DATE: 9/3/2025 10:15 AM  20222003035

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, SECOND DISTRICT

| | | |
|---|---|---|
| VILLAGE OF SKOKIE, a Municipal Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | 2022 M2 003035 |
| PETER MYMA, | ) ) ) | |
| Defendant. | ) | |

### PLAINTIFF'S, VILLAGE OF SKOKIE'S, MOTION TO SERVE DEFENDANT THROUGH E-MAIL PURSUANT TO 735 ILCS §5/2-203.1 AND SUPREME COURT RULE 102(f)

NOW COMES the Plaintiff, Village of Skokie (hereinafter "Skokie"), by and through its attorneys, Barbara M. Mangler, Corporation Counsel, and Abraham W. Funk, Assistant Corporation Counsel, and for its Motion to Serve Defendant Through E-mail, pursuant to 735 ILCS §5/2-203.1 and Supreme Court Rule 102(f), states as follows:

1. On September 15, 2022, Skokie filed a Complaint at Law against Defendant, (see attached copy of Plaintiff's Complaint at Law, sans original exhibits, hereinafter, Skokie's Exhibit "1").

2. At that time, Skokie attempted to serve notice of the Complaint and Summons to Defendant via Certified Mail as well as the Cook County Sheriff's Department and was notified that service was not successful.

3. On November 4th, 2022, Judge James Allegretti granted Skokie's Motion

Document Number: 589637


EXHIBIT
SKOKIE 2

FILED DATE: 9/3/2025 10:15 AM 20222003035

to appoint a Special Process Server to serve Defendant on behalf of Skokie.

4.  At that time, Skokie hired a Special Process Server to attempt to serve Defendant. Skokie hired several Special Process Servers, all highly recommended and of stellar repute, who were unable to successfully serve Defendant despite many attempts to do so.

5.  On September 19, 2024, Skokie hired its third Special Process Server, Brett K. Starr of Jack Burke & Associates, Ltd. to serve Defendant. Since September 23, 2024, Mr. Starr and his employees made dozens of attempts to serve Defendant (see attached Affidavit of Brett K. Starr, hereinafter, Skokie's Exhibit "2"). At no point were Mr. Starr or his employees able to serve Defendant. Defendant has never answered his door nor has he been sighted at all during this time period. Attempts to track him through vehicle registration, social media, and family also failed to yield any information that would locate Defendant to allow for service. Neighbors have not been able to provide any meaningful information as to Defendant's whereabouts. The results of Mr. Starr's surveillance suggest that Defendant is either a shut-in, or is residing at another location not in his name and also traveling via a vehicle not in his name.

6.  On February 28, 2025, Defendant filed suit as a plaintiff in the U.S. District Court for the Northern District of Illinois, case number 1:25-cv-02154. Defendant filed an appearance form on that date as a pro se litigant requesting to receive notice through e-mail at the email address "petermyma@gmail.com" (see attached, hereinafter Skokie's Exhibit "3"). This case is ongoing, with the court docket showing proceedings as recently as August 12, 2025 (see Exhibit 3).

FILED DATE: 9/3/2025 10:15 AM    20222003035

## 735 ILCS §5/2-203.1 Motion to Serve Defendant Through E-Mail

7.  735 ILCS §5/2-203(a) states:

    Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons...

    735 ILCS §5/2-203.1 states:

    If service upon an individual defendant is impractical under items (1) and (2) of subsection (a) of Section 2-203, the plaintiff may move, without notice, that the court enter an order directing a comparable method of service. The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful. The court may order service to be made in any manner consistent with due process.

8.  Illinois Supreme Court Rule 102.(f) states:

    Upon motion brought pursuant to Section 2-203.1 of the Illinois Code of Civil Procedure, the court may order service of summons and complaint to be made in a manner consistent with due process and subject to provisions of this paragraph.

    (1) If the court is satisfied that the defendant/respondent has access to and the ability to use the necessary technology to receive and read the summons and documents electronically, the following alternative methods of service or combination of methods of service may be ordered by the court when granting a motion brought pursuant to Section 2-203.1 of the Illinois Code of Civil Procedure (735 ILCS 5/2-203.1)...

    (B) Service by e-mail shall be made by (i) sending an e-mail to the defendant/respondent at his or her current e-mail address; (ii) attaching a copy of the summons, complaint/petition, and any other required documents to the e-mail; (iii) stating in the subject line of the e-mail message : "Important information—You are being sued"; and (iv)

3

FILED DATE: 9/3/2025 10:15 AM    20222003035

stating in the body of the e-mail: "You have been sued. Read all of the documents attached to this e-mail. To participate in the case, you must follow the instructions listed in the attached summons. If you do not, the court may decide the case without hearing from you, and you could lose the case."

9.   In the present case, Defendant has proven unreachable through traditional service methods. Defendant has filed other court documents with an e-mail address that he provided, in a case that is ongoing. As such, there is every reason to believe that service by this e-mail address is not only fair and valid, but arguably the preferred and best method with which to reach Defendant.

**WHEREFORE**, the Plaintiff, Village of Skokie, moves this Honorable Court to grant its Motion to Serve Defendant Through E-Mail pursuant to 735 ILCS §5/2-203.1 and Illinois Supreme Court Rule 102.(f), and for all other just and equitable relief.

<div style="margin-left: 40%;">

Respectfully submitted,
Village of Skokie, a  Municipal
Corporation,


By: _____
One of its attorneys

</div>

Barbara M. Mangler, Corporation Counsel
Abraham W. Funk, Assistant Corporation Counsel
Village of Skokie
5127 Oakton Street
Skokie, Illinois 60077
(847) 933-8270
Attorney No:  34205

FILED DATE: 9/3/2025 10:15 AM  20222003035

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT, SECOND DISTRICT**

| | |
|---|---|
| **VILLAGE OF SKOKIE,** )<br><br>    **COMPLAINANT,** )<br><br>    **v.** )<br><br>**PETER MYMA,** )<br><br>    **RESPONDENT.** ) | 2022 M2 003035 |

**NOTICE OF FILING**

PLEASE TAKE NOTICE that on <u>September 3, 2025</u>, I caused to be filed with the Clerk of the Circuit Court of Cook County, Second Municipal District, Skokie, Illinois,

**PLAINTIFF'S, VILLAGE OF SKOKIE'S, MOTION TO SERVE DEFENDANT THROUGH E-MAIL PURSUANT TO 735 ILCS §5/2-203.1 AND SUPREME COURT RULE 102(f)**

by e-filing with Odyssey eFileIL at 10:00 a.m. on <u>September 3, 2025.</u>

Respectfully submitted

By: _____

Abraham W. Funk
Attorney for the Village

#34205
Barbara M. Mangler
Abraham W. Funk
VILLAGE OF SKOKIE
5127 Oakton Street
Skokie, Illinois 60077
(847) 933-8270



System Generated Hearing Date: No hearing information wa[s]
Location: No hearing information was found.
Judge: No hearing information was found.

FILED
9/15/2022 4:48 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 9/3/2025 10:15 AM  20222003035
FILED DATE: 9/15/2022 4:48 PM  20222003035

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT, SECOND DISTRICT**

VILLAGE OF SKOKIE,
a municipal corporation,

        Plaintiff,

    v.

PETER MYMA                 20222003035

        Defendant.

RE: 7620 Niles Center Road
     Skokie, IL 60077

**COMPLAINT**

     NOW COMES the Plaintiff, VILLAGE OF SKOKIE, (hereinafter "Village"), a municipal corporation, by and through Michael M. Lorge, Corporation Counsel and Abraham W. Funk, Assistant Corporation Counsel, and states as follows:

     1.     That the VILLAGE, an Illinois municipal corporation, is a Home Rule Unit, within the meaning of Section 6 of Article 7 of the Illinois constitution of 1970, located in the County of Cook.

     2.     That this action is brought against the Defendant pursuant to Section 1-6, *et seq.* of the Skokie Village Code.

     3.     That within the corporate limits of the Village, there exists a certain parcel of real property, commonly known as 7620 Niles Center Road, Skokie, Illinois, and legally described as follows:

     LOT 7 IN EDEN VIEW SUBDIVISION IN THE SOUTHEAST ¼ OF THE NORTHWEST ¼ OF SECTION 28, TOWNSHIP 41, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO PLAT RECORDED DECEMBER 22, 1954 AS DOCUMENT 16105434 IN COOK COUNTY, ILLINOIS.

     PIN: 10-28-130-012-0000

     4.     That at all times pertinent hereto, the Defendant, PETER MYMA, has either owned, resided at and/or maintained an interest in 7620 Niles Center Road (hereinafter "Subject Property")

     5.     That at all times pertinent hereto there was in full force and effect within the Village, the Skokie Village Code.

1

FILED DATE: 9/3/2025 10:15 AM 20222003035
FILED DATE: 9/15/2022 4:48 PM 20222003035

6.     That Section 1-6(a)(1) of the Skokie Village Code provides for a penalty of not more than $750.00 for any violation of the Skokie Village Code.   A copy of said section is attached hereto and marked Exhibit "A".

7.     That Section 1-6(f) of the Skokie Village Code provides for a separate violation each day a violation occurs.  See Exhibit "A".

8.     That Section 22-181 of the Skokie Village Code provides for the adoption of the International Property Maintenance Code (hereinafter referred to as "IPMC").   That additionally, Section 22-183 provides for certain amendments to the IPMC.  A copy of said sections is attached hereto and marked Exhibit "B".

9.     That the following IPMC Sections were in effect at all relevant times.  Copies of the Sections are attached hereto and marked as Exhibit "C" and are stated below in relevant part:

302.4 Weeds. All premises and exterior property shall be maintained free from weeds or plant growth in excess of 6 inches. All noxious weeds shall be prohibited.

302.7 Accessory structures. All accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair.

302.8 Motor vehicles. Except as provided for in other regulations, no inoperative or unlicensed motor vehicle shall be parked, kept or stored on any premises, and no vehicle shall at any time be in a state of major disassembly, disrepair, or in the process of being stripped or dismantled.

304.1 Exterior structure. General. The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.

308.1 Accumulation of rubbish or garbage. All exterior property and premises, and the interior of every structure, shall be free from [any] accumulation of rubbish or garbage.

10.     That Section 118-234(b) of the Skokie Village Code provides for vegetation maintenance requirements in residential areas necessary for traffic safety. A copy of this Section is attached hereto and marked Exhibit "D".

11.     That on December 23, 2019, Village Staffer Nasko Pelinkaj of the Skokie Community Development Department, Building Division, went to the Subject Property to conduct an inspection of the exterior of the premises as part of a routine area survey.

12.     That during the course of his inspection, he observed multiple code violations at the Subject Property including but not limited to:

   a) garage in a state of disrepair, including collapsed roof in violation of IPMC 302.7,
   b) accumulation of black garbage bags in the public alleyway in violation of IPMC 308.1.

FILED DATE: 9/3/2025 10:15 AM  20222003035
FILED DATE: 9/15/2022 4:48 PM  20222003035

13.     That Mr. Pelinkaj sent a letter dated December 23, 2019 to the Mr. Myma detailing these violations and the need to correct them.

14.     That Mr. Pelinkaj returned to the Subject Property on January 6, 2020 and observed all of these violations to be uncorrected.

15.     That Mr. Pelinkaj returned to the Subject Property on April 1, 2020 and observed all of these violations to be uncorrected.

16.     That Mr. Pelinkaj returned to the Subject Property on May 11, 2020 and observed all of these violations to be uncorrected, in addition to damaged roof shingles in violation of IPMC 304.7.

17.     That Mr. Pelinkaj sent a letter dated May 11, 2020 to Mr. Myma detailing these violations and the need to correct them.

18.     That on November 18, 2020, Property Standards Inspector Jim Duesenberg of the Skokie Community Development Department, Neighborhood Services Division, went to the Subject Property to conduct a reinspection of the exterior of the premises.

19.     That during the course of his inspection, he observed multiple code violations at the Subject Property including but not limited to:

    a) garage in a state of disrepair, including collapsed roof in violation of IPMC 302.7,
    b) non-licensed, inoperable vehicles parked in the side driveway in violation of IPMC 302.8,
    c) roofing in a damaged state, including multiple open holes, in violation of IPMC 304.7.

20.     That on November 18, 2020, Mr. Duesenberg issued three (3) Skokie Administrative Hearing Citations:

    a) LO 0019462 – failure to remove non-licensed, non-operable vehicles in violation of IPMC Section 302.8,
    b) LO 0019463 – failure to remove collapsed structure in rear yard in violation of IPMC Section 302.7,
    c) LO 0019464 – failure to repair/replace all damaged roofing and seal open holes in roof structure in violation of IPMC Section 304.7.

An initial hearing for the above citations was set for December 11, 2020.

21.     That on December 11, 2020, none of the violations had been corrected, neither Mr. Myma nor anyone on his behalf appeared at the hearing or made any contact with the Village, and a $750 fine was imposed for each citation.

22.     That on January 22, 2021, Property Standards Inspector Jim Duesenberg of the Skokie Community Development Department, Neighborhood Services Division, went to the Subject Property to conduct a reinspection of the exterior of the premises.

FILED DATE: 9/3/2025 10:15 AM  20222003035
FILED DATE: 9/15/2022 4:48 PM  20222003035

23.    That on January 22, 2021, Mr. Duesenberg issued three (3) Skokie Administrative Hearing Citations:

a)  LO 0017425 – failed to repair/replace all damaged roofing materials and holes in roof in violation of IPMC Section 304.7,

b)  LO 0017426 – failed to remove collapsed structure in rear yard in violation of IPMC Section 302.7,

c)  LO 0017427 – failed to remove inoperable and/or non-licensed vehicles from side driveway in violation of IPMC Section 302.8.

An initial hearing for the above citations was set for February 12, 2021.

24.    That on February 12, 2021, none of the violations had been corrected, neither Mr. Myma nor anyone on his behalf appeared at the hearing or made any contact with the Village, and a $750 fine was imposed for each citation. Copies of the citations and the corresponding Findings, Decisions and Orders are attached hereto and marked as Exhibit "E."

25.    That on February 10, 2022, Property Standards Inspector Colleen Burke of the Skokie Community Development Department, Neighborhood Services Division, went to the Subject Property to conduct an inspection of the exterior of the premises and observed the previous violations to be uncorrected.

26.    That Ms. Burke sent a letter dated February 10, 2022 detailing these violations and the need to correct them.

27.    That on February 24, 2022, Ms. Burke returned to the Subject Property and found all violations remained uncorrected.

28.    That on February 24, 2022, Ms. Burke issued two (2) Skokie Administrative Hearing Citations:

a)  LO 0017741 – failure to repair/replace deteriorated area on roof at front of house in violation of IPMC Section 304.1,

b)  LO 0017777 – failure to demolish collapsing garage at rear of property -- garage in hazardous condition - in violation of IPMC Section 302.7.

An initial hearing for the above citations was set for March 11, 2022.

29.    That on March 11, 2022, none of the violations had been corrected, neither Mr. Myma nor anyone on his behalf appeared at the hearing or made any contact with the Village, and a $750 fine was imposed for each citation. Copies of the citations and the corresponding Findings, Decisions and Orders are attached hereto and marked as Exhibit "F".

30.    That on April 22, 2022, Ms. Burke went to the Subject Property to conduct a reinspection.

31.    That during the course of her inspection, she observed multiple code violations at the Subject Property including but not limited to:

4

FILED DATE: 9/3/2025 10:15 AM 20222003035
FILED DATE: 9/15/2022 4:48 PM 20222003035

a) garage in a state of disrepair, including collapsed roof in violation of IPMC 302.7,
b) non-licensed, inoperable vehicles parked in the side driveway in violation of IPMC 302.8,
c) roofing in a damaged state, including multiple open holes, in violation of IPMC 304.7.
d) stored items and debris around entire exterior property in violation of IPMC Section 308.1.

32.    That on April 22, 2022, Ms. Burke issued four (4) Skokie Administrative Hearing Citations:

a) LO 0017797 – failure to demolish collapsing garage at rear of property – garage in hazardous condition - in violation of IPMC Section 302.7,
b) LO 0017798 – failure to repair/replace deteriorated area on roof at front of house in violation of IPMC Section 304.1,
c) LO 0017799 – failure to remove stored items and debris around entire exterior property in violation of IPMC Section 308.1,
d) LO 0018825 – failure to remove unlicensed and/or inoperable vehicles stored on north driveway in violation of IPMC Section 302.8.

An initial hearing for the above citations was set for May 13, 2022.

33.    That on May 13, 2022, none of the violations had been corrected, neither Mr. Myma nor anyone on his behalf appeared at the hearing or made any contact with the Village, and a $750 fine was imposed for each citation. Copies of the citations and the corresponding Findings, Decisions and Orders are attached hereto and marked as Exhibit "G".

34.    That on February 10, 2022, photographs were taken of the Subject Property by Ms. Burke, copies of which are hereto attached and marked as Exhibit "H," that depict the damaged roof with multiple open, unsealed holes.

35.    That on March 29, 2022, photographs were taken of the Subject Property by Ms. Burke, copies of which are hereto attached and marked as Exhibit "I," that depict the damaged roof with multiple open, unsealed holes, the garage/rear structure with collapsed roof, the unlicensed/inoperable vehicles in driveway, and the stored items and debris strewn across the property.

36.    That on May 24, 2022, Ms. Burke posted a warning letter on the property notifying Mr. Myma that the property was in violation of 302.4 of IPMC and Section 42-39 of the Skokie Village Code, which states that all weeds and grasses in excess of six inches is a public nuisance, and, if not corrected within five days by the property owner, would be corrected by the Village of Skokie Public Works Department at the property owner's expense.

37.    That Ms. Burke returned to the property on June 1, 2022 and found the violations to be uncorrected.

38.    That Ms. Burke was informed by Village of Skokie Assistant to the Public Works Director Elizabeth Zimmerman that the overgrowth had become so thick with brush and tree-like weeds that it could not be handled by the Public Works Department with mowing equipment.

FILED DATE: 9/3/2025 10:15 AM    2022J003035
FILED DATE: 9/15/2022 4:48 PM    2022J003035

39.    That on May 31, 2022, photographs were taken of the Subject Property by Ms. Burke, copies of which are hereto attached and marked as Exhibit "J," that depict the overgrowth of vegetation.

40.    That on August 3, 2022, the Village received a neighbor complaint that the overgrowth of vegetation has grown so high, and so close to the edge of the property line, that neighbors no longer have a sightline to safely exit their driveways onto the street.

41.    That Ms. Burke returned to the property on August 30, 2022 and observed the overgrowth of vegetation obscuring neighbor sightlines in violation of Skokie Village Code Section 118-234.

42.    That on August 30, 2022, photographs were taken of the Subject Property by Ms. Burke, copies of which are hereto attached and marked as Exhibit "K," that depict the overgrowth of vegetation obscuring the sightlines of neighbor driveways on both sides of the property.

43.    That as of the date of filing this complaint, the violations complained of continue to exist.

44.    That the jurisdiction of the Second Municipal District of the Municipal Department of the Circuit Court of Cook County, Illinois, is invoked, per General Order No. 1.2(2.2)(b)(iii) of the Circuit Court of Cook County which states in relevant part as follows:

> (iii)    The Municipal Department also hears actions and proceedings filed by municipal corporations seeking relief, including injunctive relief. ...
>
> > (I)    For the enforcement of building, housing and zoning ordinances. ...

45.    That the levying of a fine, in and of itself, is not an adequate remedy for the abatement of the violations.

WHEREFORE, the Village of Skokie prays this Court:

> (a)    to find the Defendant, PETER MYMA, guilty of violating Sections 22-181 and 118-234 of the Skokie Village Code;
>
> (b)    to direct the Defendant to bring the Subject Property into full compliance with all property maintenance and building codes of the Village within 30 days;
>
> (c)    that the Village be allowed entry on the property in order to cure the violations of the Village Code if the Defendant is unable to do so within the time allowed by the Court; or
>
> (d)    for imposition of a fine against the Defendant of not less than $750 for each day from the date of filing that said violations continue to exist or a fine the Court may determine;
>
> (e)    for the Village to file a lien against the Subject Property if recoverable costs due to the Village are not paid in a timely manner by the Defendant;

VOSDOCS-#600186-v1-Long_Form_Complaint__7620_Niles_Center_Road__Peter_MymaMyma

FILED DATE: 9/3/2025 10:15 AM  20222003035
FILED DATE: 9/15/2022 4:48 PM  20222003035

(f)    any such other and further relief which this Court may deem necessary.

Respectfully submitted,

Abraham W. Funk
Assistant Corporation Counsel

#34205
Michael M. Lorge
Corporation Counsel
Abraham W. Funk
Assistant Corporation Counsel
Village of Skokie
5127 Oakton Street
Skokie, Illinois 60077
(847) 933-8270



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, SECOND DISTRICT

Village of Skokie,                                    )
                                                     )
    Plaintiff,                    )
                                                     )
v.                                                   )  Case No. 2022-M2-003035
                                                     )
Peter Myma,                                          )
                                                     )
    Defendant.                    )

### AFFIDAVIT OF BRETT K. STARR

  I, Brett K. Starr, being duly sworn under oath and state that I am a citizen of the United States and the State of Illinois, over 21 years of age, not a party to this case, and in no way interested therein and under penalty of perjury further state as follows:

  1.  I am Vice President of Jack Burke & Associates, Ltd. an Illinois licensed Private Detective Agency, license number 117-000786 (hereinafter, "Burke"). I have been employed as a private investigator for over twenty-five years and have conducted thousands of skip trace investigations for multiple purposes, including effectuating service upon difficult to locate defendants and witnesses.

  2.  I have personal knowledge of all efforts made by Burke to locate and serve the defendant Peter Myma. My knowledge is based on my personal involvement in the investigation and service attempts made by Burke employees at my direction and under my supervision and as recorded by those employees at the time of each service attempt in records maintained by Burke in the ordinary course of its business.

  3.  Burke was retained by Abraham W. Funk, Assistant Corporation Counsel to the Village of Skokie on September 19, 2024, to locate and subsequently serve the defendant Peter Myma with an Alias Summons, Trial Call Order, and Complaint with Exhibits A-K. The documents were directed to the defendant Peter Myma at 7620 Niles Center Road, Skokie, Illinois 60077. We were informed that extensive prior efforts to serve the defendant Myma were unsuccessful. Myma never answered the door to his residence, rarely moved his known vehicles, and a prior claim of service had been effectively quashed by motion of the defendant.

FILED DATE: 9/3/2025 10:15 AM   2022M2003035

FILED DATE: 9/3/2025 10:15 AM   20222003035

4.      On September 20, 2024, I completed commercial database searches, vehicle registration, business entity, social media, and court filing searches in Illinois and Indiana regarding defendant Peter Myma (hereinafter, "Myma.") I identified the only current vehicle registration for Myma, a black 2016 Infiniti QX60 bearing Illinois license plate number 'CA51664' (hereinafter, "Myma Infiniti") registered to Myma at 7620 Niles Center Road, Skokie, Illinois 60077 (hereinafter, "Myma residence"). I conducted commercial database license plate reader searches on Myma's Infinity and identified locations within the prior few months on the street in a commercial area at 7623 Parkside Avenue, Skokie, Illinois 60077. Additionally, I identified a possible photo for Myma, a consulting business entity, a 2020 bankruptcy filing, a 2015 Indiana traffic ticket containing Myma's physical description, as well as a Brown County, Indiana Circuit Court divorce and child custody filing with an appeal closed in October 2023 and a related Indiana Supreme Court filing.

5.      On the early evening of Monday, September 23, 2024, I visited the area of 7623 Parkside Avenue, Skokie, Illinois 60077 and located the Myma Infiniti backed into an off-street parking spot just south of Petersen Automotive at 7626 Parkside Avenue, Skokie, Illinois 60077 near the MedEx Administrative offices. I also visited the Myma residence in Skokie and noted the presence of two vehicles, including a white Toyota Prius with no front plate parked in the driveway which appeared to not have been moved in some time, and multiple exterior cameras on the property. I returned to the area of 7626 Parkside Avenue in Skokie on the late afternoon of Wednesday, September 25, 2024, noted that the Myma Infiniti was parked in the same spot, placed the vehicle under a targeted surveillance, and observed no movement of the vehicle. Between Thursday, September 26, 2024, and Monday, October 21, 2024, Burke investigators including myself, Donna W. Starr, and Curt P. Marcucci visited the area of 7626 Parkside Avenue, Skokie, Illinois 60077 seven times and each time observed the Myma Infiniti backed into the same off-street parking spot. The Myma Infiniti appeared not to have been moved. Burke investigators conducted spot check visits and conducted targeted surveillance in an effort to see Myma walking to the vehicle which were unsuccessful.

6.      On the afternoon of Tuesday, October 22, 2024, I again visited the area of 7626 Parkside Avenue, Skokie, Illinois 60077 and observed that the Myma Infiniti was no longer parked in the off-street

parking spot and canvased the immediate area and did not locate the Myma Infiniti. I placed the area under surveillance in an effort to see Myma return with the Myma Infiniti and park and was unsuccessful. I proceeded to the Myma residence and did not see the vehicle parked in the driveway or on the street near the residence and only observed the two cars, one without a plate which appeared not to have been moved. I returned to both the area of 7626 Parkside Ave, Skokie, Illinois 60077 and the Myma residence on Wednesday, October 23, 2024, and the Myma Infiniti was not present at either location. Burke investigators made four attempts between October 28, 2024, and October 31, 2024, including early evening on Halloween and did not see the Myma Infiniti present nor any change at the residence.

7.      On the afternoon of Thursday, November 7, 2024, while in the area, I did a spot check of the Myma residence and noted the presence of the Myma Infiniti parked at the end of the driveway. However, I did not have an unexpired alias summons and therefore conducted no surveillance nor attempted service at the residence.

8.      Between November 14, 2024, and March 25, 2025, Burke investigators including myself, Donna W. Starr, and Curt P. Marcucci performed at least twenty spot check visits to the Myma residence, knocked on the door to the residence on three occasions, and performed targeted surveillance upon the residence. On each occasion the Myma Infiniti was present in the same spot in the driveway and had not appeared to have been moved, including no vehicle tracks in the snow on days when it had snowed. Burke investigators also observed "no trespassing" signs, cameras at the residence, and during any evening spot check, the Myma residence contained multiple exceedingly bright LED exterior lights at the residence, effectively blocking views into the residence from the street. Additional license plate reader searches were performed, and numerous license plate reader hits were identified for the Myma Infiniti, all at the Myma residence. Burke investigators attempted to speak to neighbors who provided limited information and also performed targeted surveillance in an effort to see Myma putting refuse into exterior cans for pickup and were unsuccessful.

9.      Reasonable diligent efforts to personally serve the defendant Peter Myma were performed and in my professional opinion, personal service upon Myma is impractical as Myma is concealed within the state, is avoiding service, will not answer his door, and rarely leaves his residence.

FILED DATE: 9/3/2025 10:15 AM   20222003035

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Executed on: _8-21-2025_

Brett K. Starr
Jack Burke & Associates, Ltd.
917 W. Washington Blvd. #223
Chicago, IL 60607

4

**EXHIBIT**

**3**

[If you need additional space ... an additional sheet and reference that section.]

**FILED** 2/28/2025

**AXK**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## U.S. District Court for the Northern District Of Illinois
## Appearance Form for Pro Se Litigants

Information entered on this form is required for any person filing a case in this court as a pro se party (that is, without an attorney). **Please PRINT legibly.**

1:25-cv-02154
Judge April M. Perry
Magistrate Judge Daniel P. McLaughlin

Case Title: Complaint

Case Number: RANDOM / Cat. 2

An appearance is hereby filed by the undersigned as a pro se litigant:

Name: Peter Myma

Street Address: 7620 Niles Center Rd.

City/State/Zip: Skokie, IL 60077

Phone Number: (812) 416-1011

Signature

Executed on (date): 2/27/2025

## REQUEST TO RECEIVE NOTICE THROUGH E-MAIL

If you check the box below and provide an e-mail address in the space provided, you will receive notice via e-mail. By checking the box and providing an e-mail address, under Federal Rule of Civil Procedure 5(b)2(E) you are waiving your right to receive a paper copy of documents filed electronically in this case. You should not provide an e-mail address if you do not check it frequently.

☑ I request to be sent notices from the court via e-mail. I understand that by making this request, I am waiving the right to receive a paper copy of any electronically filed document in this case. I understand that if my e-mail address changes I must promptly notify the Court in writing.

petermyma@gmail.com

**E-Mail Address (Please PRINT legibly.)**

Rev. 06/23/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

FILED DATE: 9/3/2025 10:15 AM 20222003035

8/13/25, 3:57 PM                 CM/ECF NextGen Live 1.8 (rev. 1.8.3) - U.S. District Court, Northern Illinois

McLaughlin

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.3) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:25-cv-02154

Myma v. Wroe et al                                          Date Filed: 02/28/2025
Assigned to: Honorable April M. Perry                       Jury Demand: Plaintiff
Demand: $75,000                                             Nature of Suit: 360 P.I.: Other
Cause: 28:1331 Federal Question                             Jurisdiction: Federal Question

**Plaintiff**

**Peter Nicholas Myma**                      represented by   **Peter Nicholas Myma**
                                                             7620 Niles Center Rd.
                                                             Skokie, IL 60077
                                                             (812) 416-1011
                                                             Email: petermyma@gmail.com
                                                             PRO SE


V.

**Defendant**

**Wendy Anne Wroe**                          represented by   **Ann McGinnis O'Connell**
                                                             Ann O'Connell Law, Ltd.
                                                             1911-B Rohlwing Road
                                                             Rolling Meadows, IL 60008
                                                             847-859-6222
                                                             Email: Ann@AnnOConnellLaw.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*


**Defendant**

**Johnny Darrell Lorick**                    represented by   **Ann McGinnis O'Connell**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*


| Date Filed | # | Docket Text |
|------------|---|-------------|
| 02/28/2025 | 1 | RECEIVED Complaint by Peter Nicholas Myma. (Received via pro se email on 2/28/2025) (jh, ) (Entered: 03/03/2025) |
| 02/28/2025 | 2 | CIVIL Cover Sheet. (Received via pro se email on 2/28/2025) (jh, ) (Entered: 03/03/2025) |
| 02/28/2025 | 3 | PRO SE Appearance by Plaintiff Peter Nicholas Myma. (Received via pro se email on 2/28/2025) (jh, ) (Entered: 03/03/2025) |
| 02/28/2025 | 4 | FEE Request filed by Peter Nicholas Myma. (Received via pro se email on 2/28/2025) (jh, ) (Entered: 03/03/2025) |

FILED DATE: 9/3/2025 10:15 AM    20222003035

CM/ECF NextGen Live 1.8 (rev. 1.8.3) - U.S. District Court, Northern Illinois

FILED DATE: 9/3/2025 10:15 AM   20222003035

| 02/28/2025 | | CASE ASSIGNED to the Honorable April M. Perry. Designated as Magistrate Judge the Honorable Daniel P. Mclaughlin. FEE DUE, NO INFORMA PAUPERIS APPLICATION SUBMITTED. Case assignment: Random assignment. (Civil Category 2). (jh, ) (Entered: 03/03/2025) |
| 02/28/2025 | 8 | COMPLAINT filed by Peter Nicholas Myma. (Received via pro se email on 2/28/2025) (jh, ) (Entered: 03/03/2025) |
| 03/03/2025 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (jh, ) (Entered: 03/03/2025) |
| 03/17/2025 | 9 | MINUTE entry before the Honorable April M. Perry: The Court sets a status date of 3/25/2025 at 10:00 a.m. in person in Courtroom 1725. Mailed notice. (jcc,) (Entered: 03/17/2025) |
| 03/24/2025 | 11 | SUMMONS Issued (Court Participant) as to Defendants Johnny Darrell Lorick, Wendy Anne Wroe (smb, ) (Entered: 03/24/2025) |
| 03/24/2025 | 12 | SUMMONS Issued (Court Participant) as to Defendants Johnny Darrell Lorick, Wendy Anne Wroe (vjd, ) (Entered: 03/24/2025) |
| 03/24/2025 | 15 | NOTICE of Motion by Peter Nicholas Myma for presentment of EMERGENCY EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER 14 before Honorable April M. Perry on 4/1/2025 at 10:00 AM. (Received via pro se email on 03/24/25.) (vk) (Entered: 03/25/2025) |
| 03/25/2025 | 13 | MINUTE entry before the Honorable April M. Perry: Plaintiff's ex parte motion for a temporary restraining order 10 is denied. At this time, Plaintiff has not demonstrated a likelihood of success on the merits for any of the claims in his 154-page complaint. This case appears to involve a custody dispute that is currently being litigated in Indiana and North Carolina. Plaintiff complains that Defendants have deliberately engaged in malicious conduct to alienate Plaintiff from his children and have violated court orders in the Indiana custody case, secretly had the case transferred from Indiana to North Carolina, and have been evading service (presumably, in one or both of the state court cases). Plaintiff requests that this Court issue an order voiding the North Carolina court orders, reinstating the Indiana court orders, and prohibiting Defendants from interfering with Plaintiff's relationship with his children in various ways. To the extent Plaintiff is requesting the court to oversee, weigh-in on, or modify the terms of state court custody orders, it has no jurisdiction to do so. See Ankenbrandt v. Richards, 504 U.S. 689, 702 (1992) (holding that federal courts do not have power to issue divorce, alimony, or child custody decrees). Nor is it appropriate for this Court to dictate how anyone communicates with the children, especially in light of the fact that this appears to be the subject of ongoing state court litigation. See J.B. v. Woodard, 997 F.3d 714 (7th Cir. 2021) (federal courts should "stand down" when the adjudication of the claim "threaten[s] interference with and disruption of local family law proceedings a robust area of law traditionally reserved for state and local government"). As for Plaintiff's request that the Court authorize alternative service, the Court sees from the docket that Plaintiff has submitted a USM-285 form. The Court directs the Clerk to transmit this form to the U.S. Marshals Service, and the Court trusts that the USMS will effectuate service in an appropriate manner. The Courts strikes the 3/25/2025 status hearing. Mailed notice. (jcc,) (Entered: 03/25/2025) |
| 03/26/2025 | 16 | MINUTE entry before the Honorable April M. Perry: Plaintiff's second motion for a temporary restraining order 14 is denied. This appears to be a duplicate of Plaintiff's earlier-filed motion 10 , was signed on the same day as the earlier-filed motion, and was mailed prior to the Court's order on that motion, which was entered on 3/25/2025. The Court therefore denies the motion |

CM/ECF NextGen Live 1.8 (rev. 1.8.3) - U.S. District Court, Northern Illinois

FILED DATE: 9/3/2025 10:15 AM  20222003035

| | | |
|---|---|---|
| | | for the reasons set forth in the 3/25/2025 minute order 13 . Mailed notice. (jcc,) (Entered: 03/26/2025) |
| 04/17/2025 | 17 | VERIFIED MOTION for limited expedited discovery or alternate service filed by Defendants Johnny Darrell Lorick, Wendy Anne Wroe. (Received via pro se email on 4/17/2025) (jh, ) (Entered: 04/18/2025) |
| 04/23/2025 | 18 | MINUTE entry before the Honorable April M. Perry: The Court has received Plaintiff's filing fee; the next step is to serve Defendants with process. Plaintiff has submitted to the Marshal's service a request that the USMS serve Defendants, which seems to be the most expeditious path given Plaintiff's difficulty in locating Defendants. However, Plaintiff is responsible for paying the fee associated with that service. The Court understands that the USMS has not effectuated service because its fee has not been paid. Plaintiff is directed to consult with the USMS about what else is necessary for them to attempt service. Plaintiff's motion for alternate service 17 is denied at this time, without prejudice. Mailed notice. (jcc,) (Entered: 04/23/2025) |
| 05/20/2025 | 19 | NOTICE Regarding Status of Service of Process filed by Peter Nicholas Myma. (Received via pro se email on 5/20/2025) (jh, ) (Entered: 05/20/2025) |
| 06/06/2025 | 20 | MOTION by Plaintiff Peter Nicholas Myma for extension of time to serve defendants and for alternative service. (Received via pro se online portal on 6/6/2025) (jh, ) (Entered: 06/09/2025) |
| 06/10/2025 | 21 | MINUTE entry before the Honorable April M. Perry: Plaintiff's motion for extension of time to serve defendants and for alternative service 20 is granted in part and denied in part. Plaintiff has shown good cause to extend the time for service to 8/10/2025. Plaintiff has engaged the assistance of the U.S. Marshals to serve summons in this case. The Court has not received word from the USMS that they have been unable to serve defendants such that alternative service is necessary or appropriate. The Court believes that this extension of time will give them the opportunity to complete service. Mailed notice. (jcc,) (Entered: 06/10/2025) |
| 06/23/2025 | 22 | SUMMONS Returned Unexecuted by Peter Nicholas Myma as to Wendy Anne Wroe. (Received via pro se online portal on 6/23/2025) (emc, ) (Entered: 06/23/2025) |
| 06/23/2025 | 23 | SUMMONS Returned Unexecuted by Peter Nicholas Myma as to Johnny Darrell Lorick. (Received via pro se online portal on 6/23/2025) (emc, ) (Entered: 06/23/2025) |
| 06/27/2025 | 24 | MINUTE entry before the Honorable April M. Perry: The U.S. Marshals have returned service unexecuted as to Defendants in this case 22 23 . Plaintiff's motion for alternative service 20 is now granted. Plaintiff has averred that the North Carolina Wake County Sheriff left a posting on Defendants' door regarding this action, and that Plaintiff has sent a certified mailing which was refused. Plaintiff is given permission to email a copy of the complaint and summons to the email address at which he has been communicating with Defendants in order to effectuate service. Mailed notice. (jcc,) (Entered: 06/27/2025) |
| 06/27/2025 | 25 | MOTION for leave to serve Defendants by alternative means filed by Plaintiff Peter Nicholas Myma. (Received via pro se online portal on 6/27/2025) (jh, ) (Entered: 07/01/2025) |
| 06/27/2025 | 26 | SUMMONS Returned Unexecuted as to Johnny Darrell Lorick, Wendy Anne Wroe. (Attachments: # 1 Wendy Anne Wroe) (Received via pro se online portal on 6/27/2025) (jh, ) (Entered: 07/01/2025) |
| 06/27/2025 | 27 | ORDER Granting Plaintiff's Motion for leave to serve by alternative means filed by Peter Nicholas Myma. (Attachments: # 1 Affidavit of Compliance with Order for Alternative Service) (Received via pro se online portal on 6/27/2025) (jh, ) (Entered: 07/01/2025) |
| 07/02/2025 | 28 | MINUTE entry before the Honorable April M. Perry: Plaintiff's motion to serve Defendants by alternative means 25 is denied as moot, given the Court's minute order earlier that day granting Plaintiff permission to serve Defendants at the email address that he had been using to communicate with Defendants. Mailed notice. (jcc,) (Entered: 07/02/2025) |

8/13/25, 3:57 PM                    CM/ECF NextGen Live 1.8 (rev. 1.8.3) - U.S. District Court, Northern Illinois

| 07/19/2025 | 31 | APPLICATION by Plaintiff Peter Nicholas Myma to the clerk for entry of default (Received via pro se online portal on 7/19/25) (rp, ) (Entered: 07/22/2025) |
|---|---|---|
| 07/21/2025 | 29 | Appearance Attorney by Wendy Anne Wroe (McGinnis O'Connell, Ann) (Entered: 07/21/2025) |
| 07/21/2025 | 30 | Appearance Attorney by Johnny Darrell Lorick (McGinnis O'Connell, Ann) (Entered: 07/21/2025) |
| 07/22/2025 | 32 | MOTION by Defendants Johnny Darrell Lorick, Wendy Anne Wroe to dismiss for lack of jurisdiction *12(b)(1) and 12(b)(6)*<br><br>(McGinnis O'Connell, Ann) (Entered: 07/22/2025) |
| 07/22/2025 | 33 | NOTICE of Motion by Ann McGinnis O'Connell for presentment of motion to dismiss/lack of jurisdiction 32 before Honorable April M. Perry on 8/7/2025 at 10:00 AM. (McGinnis O'Connell, Ann) (Entered: 07/22/2025) |
| 07/22/2025 | 34 | *Amended* NOTICE of Motion by Ann McGinnis O'Connell for presentment of motion to dismiss/lack of jurisdiction 32 before Honorable April M. Perry on 8/7/2025 at 10:00 AM. (McGinnis O'Connell, Ann) (Entered: 07/22/2025) |
| 07/22/2025 | 35 | RESPONSE by Johnny Darrell Lorick, Wendy Anne Wroein Opposition to MOTION by Plaintiff Peter Nicholas Myma for entry of default<br><br>31 (McGinnis O'Connell, Ann) (Entered: 07/22/2025) |
| 07/23/2025 | 36 | MINUTE entry before the Honorable April M. Perry: Plaintiff's motion for entry of default 31 is denied, as Defendants have appeared and moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim. Plaintiff shall file a response to Defendants' motion to dismiss by 8/13/2025; reply to be filed by 8/25/2025. Mailed notice. (jcc,) (Entered: 07/23/2025) |
| 07/31/2025 | 37 | MINUTE entry before the Honorable April M. Perry: The court strikes the motion hearing date of 8/7/2025. Mailed notice. (jcc,) (Entered: 07/31/2025) |
| 08/06/2025 | 38 | MOTION to strike Defendants' response, to reconsider and vacate July 23, 2025 Order pursuant to Rule 59(e), and to set Briefing Schedule and Hearing filed by Plaintiff Peter Nicholas Myma. (jh, ) (Entered: 08/08/2025) |
| 08/08/2025 | 39 | MINUTE entry before the Honorable April M. Perry: Plaintiff's motion to strike, to reconsider, and to vacate 38 is denied. The decision to grant or deny a motion for default judgment is within the Court's discretion. See Domanus v. Lewicki, 742 F.3d 290, 301 (7th Cir. 2014). A defendant's failure to timely respond to a complaint does not automatically entitle the plaintiff to the relief he seeks. Among other things, the Court must determine personal jurisdiction, subject matter jurisdiction, and whether or not Plaintiff's complaint has plausibly stated a claim to relief before default judgment should be entered. None of those findings were made by the Court in this case, because Defendants' motion to dismiss the complaint was filed three days after Plaintiff filed a motion requesting entry of default, and four days after Plaintiff claims that Defendants' time for answering expired. As for Plaintiff's argument that he was entitled to an entry of default by the Clerk under Federal Rule of Civil Procedure 55(a), the Court notes that Plaintiff's filing did not meet Rule 55(a)'s requirements that judgment be for a sum certain, supported by an affidavit showing the amount due. Doc. 31. Given that no default was entered, Federal Rule of Civil Procedure 55(c) does not apply, and Plaintiff is not entitled to briefing on whether the entry of default should be set aside. Nor will the Court be striking any pleadings or making findings about sanctions until the motion to dismiss the complaint is addressed. Plaintiff was not prejudiced by the fact that Defendants were possibly four days late in responding to the complaint, and the motion to dismiss raises nonfrivolous concerns about subject matter jurisdiction, abstention, and the complaint's failure to state a claim. The |

FILED DATE: 9/3/2025 10:15 AM   20222003035

FILED DATE: 9/3/2025 10:15 AM 20222003035

| | | |
|---|---|---|
| | | previously-set briefing schedule on the motion to dismiss will stand. Mailed notice. (jcc,) (Entered: 08/08/2025) |
| 08/09/2025 | 40 | MOTION for reconsideration under Rule 54(b) of the Court's Denial of Entry of Default (Dkts. 36 , 39 ) and/or, in the alternative, for certification for interlocutory Appeal under 28 U.S.C. § 1292(b) filed by Plaintiff Peter Nicholas Myma. (Received via pro se online portal on 8/9/2025) (jh, ) (Entered: 08/11/2025) |
| 08/12/2025 | 41 | MINUTE entry before the Honorable April M. Perry: Plaintiff's motion for reconsideration 40 is denied. The Court denied Plaintiff's request for default because Defendants appeared and responded to the complaint within four days of the time Plaintiff claims their time to respond had expired. 36 Plaintiff is correct that the minute order 39 denying Plaintiff's first motion to reconsider refers to Rule 55(a) when it should have noted 55(b). The fact remains that no error of law occurred because Plaintiff was not entitled to a default judgment by the Clerk under Rule 55(b)(1), nor was he entitled to one by the Court under Rule 55(b)(2). Even if default had been entered in this case in the three days between when Plaintiff asked for it and when Defendants responded to the complaint, good cause would have been shown to set it aside given that no prejudice was suffered by Plaintiff and that Defendants' motion to dismiss raises nonfrivolous concerns about substantive issues. Plaintiff's request for an interlocutory appeal is also denied. An appeal as to whether a Plaintiff was technically entitled to a ministerial entry of default which the Court then immediately set aside because Defendants appeared and showed good cause is, to put it mildly, the opposite of something that will materially advance this litigation. Plaintiff is directed to respond to the motion to dismiss by 8/13/2025, in accordance with the schedule previously set by the Court. Mailed notice. (jcc,) (Entered: 08/12/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/13/2025 15:58:05 | | |
| **PACER Login:** | jgmccarthy5127 | **Client Code:** | jgm |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-02154 |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

Order                          **(12/01/24) CCG 0002**

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Village of Skokie

v.

Peter Myima

No. 2022 M2 003035

### ORDER

This case coming to be heard, with Plaintiffs' counsel present, Defendant not present, and the court fully advised in the premises, it is hereby ordered:

1) Plaintiffs' motion to serve Defendant through e-mail, pursuant to 735 ILCS 5/2-203.1 and Supreme Court Rule 102(f), is hereby granted, at the e-mail address "petermyima@gmail.com".

2) This case shall be continued to October 10, 2025, at 1:30 PM in room 204.

Judge James ~~E. Allegretti~~

SEP 12 2025

Circuit Court - ~~~~

Attorney No.: 34205

Name: A. Funk

Atty. for: Village of Skokie

Address: 5127 Oakton St.

City/State/Zip: Skokie, IL 60077

Telephone: (847) 933-8270

**ENTERED:**

Dated: _____, _____

Judge                 Judge's No.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**



**EXHIBIT**

SKOKIE 3